McCoy, Executor, *v.* Liquor Control Board, et al.

Argued April 9, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

108

*Edwin F. McCoy,* for plaintiff.

*David L. Kurtz,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for defendants.

*Robert Lazorchick,* with him *Scott & Lazorchick,* for defendant, Scott.

*David E. Eaton,* with him *W. E. Shissler* and *Nauman, Smith, Shissler & Hall,* for defendants Wohlgemuth, Green, Speller, McGuire and Clarke, in their official capacities.

OPINION BY JUDGE MENCER, June 7, 1973:

We here have for determination preliminary objections to a complaint alleging a cause of action for the wrongful death[1] of Edwin V. McCoy and a survival action[2] for loss to his estate. Plaintiff is Edwin F. McCoy, executor of the estate of Edwin V. McCoy, deceased. The defendants are numerous boards, departments, and hospitals of the Commonwealth of Pennsyl-

[1] Act of April 15, 1851, P. L. 669, §19, 12 P.S. §1601, and Act of April 26, 1855, P. L. 309, §1, as amended, 12 P.S. §1602.

[2] Act of April 18, 1949, P. L. 512, art. IV, §601, 20 P.S. §320.601, and §603, 20 P.S. §320.603.

vania and various individuals who were or are members of or in charge of the boards, departments and hospitals enumerated as defendants.[3]

This somewhat complicated and involved lawsuit, when reduced to controlling issues, brings again before this Court two questions: (1) Is plaintiff's suit against the Commonwealth, and the boards, departments and hospitals named as defendants, barred by Article I, Section 11 of the Pennsylvania Constitution which prohibits suits against the Commonwealth without its consent? The answer to this question is clearly in the affirmative. The immunity of an agency of the State from actions in tort was very recently restated in *Biello v. Pennsylvania Liquor Control Board,* Pa. , A. 2d (1973). We believe that no useful purpose would be served by repeating what our Supreme Court stated in *Biello,* but we do consider that case as dispositive of the first question raised here. (2) Are the individual defendants immune from liability as officers and employees of the Commonwealth? We believe that our recent decision in *DuBree, Jr., Executor v. Commonwealth, et al.,* 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973), answers this question in the affirmative. In *DuBree,* we concluded that the immunity of the Commonwealth is attributed absolutely to high public officials and conditionally to other public officials. We there stated that "[t]he Supreme Court, however, has yet to define clearly who is a 'high

---

[3] The complaint alleges that the decedent was an alcoholic, that the Pennsylvania Liquor Control Board and its members knew of that fact and were requested to prevent the sale of liquor to the decedent and failed to do so, and that, as a consequence, the decedent continued to drink and his death resulted; also, that at various times he requested admission to Norristown State Hospital or Philadelphia State Hospital for cure or abatement of his alcoholism and he was refused admission, which refusal led to his death.

110

public official.' In Montgomery v. Philadelphia [392 Pa. 178, 186, 140 A. 2d 100, 105 (1958)], it suggests that the test of whether or not a public officer is in that category 'should depend upon the nature of his duties, the importance of his office, and particularly whether or not he has policy-making functions.' " 8 Pa. Commonwealth Ct. at 571, 303 A. 2d at 532.

Applying such a test to the defendants here, we experience no difficulty in concluding that all the individual defendants named are "high public officials" and entitled to absolute immunity from civil liability with respect to their official acts.

We have carefully examined plaintiff's complaint and have satisfied ourselves that it fails to allege any facts in support of any claim against the individual defendants as individuals other than as representatives of the Commonwealth of Pennsylvania.

Accordingly, we make the following

ORDER

And now, June 7, 1973, the preliminary objections in the nature of a demurrer are hereby sustained and the complaint in trespass is hereby dismissed, with costs to the plaintiff.