Calvin Williams and Joseph McNeil, Plaintiffs, *v.*
Commonwealth of Pennsylvania, Department of
Labor and Industry, and Department of Health,
Defendants.

Argued December 3, 1973, before Judges CRUMLISH,
JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and
BLATT. President Judge BOWMAN did not participate.

*Joel Feldscher,* with him *Joseph R. Livesey* and
*Kates, Livesey & Edelstein,* for plaintiffs.

*Glenn Gilman,* Assistant Attorney General, with him *Michael Von Moschzisker,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

OPINION BY JUDGE BLATT, March 5, 1974:

This is an action in trespass against the Commonwealth of Pennsylvania and two of its agencies, the Department of Labor and Industry and the Department of Health. The plaintiffs, Calvin Williams and Joseph McNeil, claim that they contracted manganese poisoning at their place of employment because of the negligence of the defendants and that, as a result, they have become and will be in the future permanently disabled. They allege that the defendants have breached a statutory duty relative to safeguarding the health and safety of all Commonwealth employees pursuant to Section 2202 of the Administrative Code of 1929, Act of April 9, 1929, P. L. 177, *as amended,* 71 P.S. §562 in that they (1) failed to notify plaintiffs of the dangers of manganese, (2) failed to close the dangerous operation, (3) allowed inadequate protective methods, (4) failed to mandate physical examinations of all employees, and (5) failed to correct or see to the correction of the dangerous and hazardous conditions at the plant.

The defendants now raise preliminary objections, which claim lack of jurisdiction by asserting the doctrine of sovereign immunity, and are also entered by way of a demurrer, and, upon careful consideration of these objections, we must dismiss the plaintiffs' complaint.

As the law now stands sovereign immunity is a viable doctrine, mandated by Article I, Section 11 of the Pennsylvania Constitution, and this doctrine has not been waived by the Legislature, the only branch of the State government able to waive it. *Brown v.*

*Commonwealth,* 453 Pa. 566, 305 A. 2d 868 (1973). The defendant Departments are agencies of the Commonwealth who allegedly acted or failed to act in a governmental capacity and they are similarly clothed with immunity. *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A. 2d 849 (1973).

We are bound by the decisions of our Supreme Court, *Duquesne Light Co. v. Department of Transportation,* 6 Pa. Commonwealth Ct. 364, 295 A. 2d 351 (1972), and must affirm the constitutionality of sovereign immunity as enunciated in *Brown, supra,* and as we find it applicable in this case.

Because of our disposition of this issue it is unnecessary for us to discuss the defendants' demurrer in directing the following

ORDER

Now, March 5, 1974, the complaint of the plaintiffs is hereby dismissed.