## Annie M. Warner Hospital v. Jones

*John W. Phillips,* for plaintiff.

*Charlotte Neagle,* for defendant.

*Darius G. C. Moss, Assistant Attorney General,* for additional defendant.

MacPHAIL, P.J., July 24, 1974.—Annie M. Warner Hospital has sued defendant, William E. Jones, for $1,173.25 for medical services rendered to defendant, alleging that defendant agreed to pay the charges.

Defendant answered the complaint on September 7, 1973, admitting that the services were rendered but denying that he agreed to pay for the services. Defendant also filed a *separate pleading* on November 9, 1973, entitled "counterclaim," alleging that defendant is a person financially unable to pay for medical services, that plaintiff has received money from the Federal government under the provisions of the Hill-Burton Act, Act of July 1, 1944, as amended, 42 USC §291, to fund medical services for persons financially unable to pay for those services, and that defendant is entitled to judgment against plaintiff because he is one of the persons entitled to the benefit of that money. In Count 2 of the counterclaim, defendant alleges that plaintiff breached its duty to him by failing to secure financial information from defendant and by failing to pursue other sources of financial assistance which might be available to pay defendant's medical bill.

On November 9, 1973, defendant also filed a complaint to add an additional defendant (a praecipe for a writ to join the additional defendant was filed October 17, 1973). That pleading attempts to add Hon. Helene Wohlgemuth as an additional defendant in her official capacity as Secretary of Public Welfare. Defendant avers that the Secretary is designated by law to administer the medical assistance program, that the additional defendant has erroneously denied defendant's application for medical assistance and that judgment should be entered against the Secretary for the amount the hospital is claiming from defendant.

Preliminary objections have been filed by Annie M. Warner Hospital with respect to the counterclaim. The objections are in the nature of a motion to strike, a petition raising the defense of lack of capacity to sue and a demurrer. The Attorney General has filed pre-

liminary objections to the complaint against the additional defendant, Mrs. Wohlgemuth. Those objections are in the nature of a demurrer, a petition raising a question of jurisdiction and a motion for a more specific pleading. Briefs have been filed and oral arguments have been heard.

## PRELIMINARY OBJECTIONS OF ADDITIONAL DEFENDANT

Since Mrs. Wohlgemuth is being sued in her official capacity as Secretary of the Department of Public Welfare, there is no question that the Commonwealth Court has exclusive jurisdiction of this part of the case by virtue of section 401(a)(1) of the Act of July 31, 1970, P.L. 673, 17 PS §211.401. Mrs. Wohlgemuth asks, however, that instead of transferring the case to the Commonwealth Court, the action against her be dismissed by this court.

Section 503(b) of the Act of 1970, supra, 17 PS §211-503(b), states that where a matter is erroneously brought in a court which does not have jurisdiction, that court shall not dismiss the matter but rather transfer it to the proper court. Pennsylvania Rule of Civil Procedure 213(f) is to the same effect. The additional defendant urges, however, that notwithstanding the provisions of the Act of 1970, supra, and Rule 213, this court should dismiss the action because the Secretary of the Department of Welfare cannot be sued in her official capacity because of the doctrine of sovereign immunity: Article I, sec. 11, of the Pennsylvania Constitution. While that doctrine has been removed as to some governmental instrumentalities where it had been heretofore previously invoked, as to actions against departments of the Commonwealth, it remains in full force and effect: Williams and McNeil v. Commonwealth of Pennsylvania, Depart-

ment of Labor and Industry and Department of Health, 12 Pa. Commonwealth Ct. 384 (1974). In Swarmer et ux. v. Lawler et al., 74 Dauph. 363 (1960), the Court of Common Pleas of Dauphin County, sitting as the Commonwealth Court, held that a suit against the Secretary of Highways was really a suit against the Commonwealth because it was the only real party against which a judgment or decree could operate. In Philadelphia Life Insurance Company v. Commonwealth, 410 Pa. 571 (1963), the Supreme Court pointed out that there were certain types of cases where a State official sued in his individual capacity did not have the benefit of sovereign immunity. The court said, at page 576:

"Suits which seek to compel affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth are within the rule of immunity; suits which simply seek to restrain state officials from performing affirmative acts are not within the rule of immunity."

It seems very clear then that, in the action now before us, the defense of sovereign immunity would apply with respect to the additional defendant.

We are also aware that under the provisions of Pa. R. C. P. 1030 the defense of immunity from suit should be raised in the answer under new matter. However, in the case of Safeguard Mutual Insurance Company v. Commonwealth, 4 Pa. Commonwealth Ct. 477 (1972), that court, citing Meagher v. Commonwealth, 439 Pa. 532 (1970), held that the defense of sovereign immunity may be raised by a demurrer.

Having made the determination that the defense of sovereign immunity applies in this case and that it has been properly plead, we must now determine whether we have jurisdiction to dismiss the case

rather than to transfer it as has been procedurally and statutorily mandated. It is obvious that this court had jurisdiction of the case as originally filed. The jurisdiction of the Commonwealth Court did not, and could not, attach until the counterclaim was filed. A transfer of the complaint against the additional defendant to the Commonwealth Court would necessarily involve a bifurcation of the case. For practical reasons, plaintiff could not pursue its claim against defendant until the claim of defendant against the additional defendant was adjudicated. It seems to us that this involves unnecessary time and exposure to the litigants.

There have been some occasions where our courts, notwithstanding the provisions of the Act of 1970 and of Rule 213, have dismissed a case rather than transfer it where the case was brought in the wrong court. In Butler v. Cheyney State College, 61 D. & C. 2d˙60 (1973), the court, faced with a situation identical with ours in that the defense of sovereign immunity had been raised, dismissed the case. In Kohl v. Lentz, 454 Pa. 105 (1973), the Supreme Court of Pennsylvania dismissed an action erroneously brought on the civil side rather than in the orphans' court division of the court of common pleas. Neither of those cases involved the additional problem that we have here where a transfer would involve splitting the case.

Therefore, in view of the fact that there is some case law to support us, and because we have grave doubt that the law and the rule would require a transfer under circumstances such as we now have before us, we will dismiss the complaint against the additional defendant rather than transfer it. Since there is no way for defendant to amend its pleading to overcome the bar of sovereign immunity, we will not grant defendant leave to amend, thus making this part of our order appealable forthwith.

## PRELIMINARY OBJECTIONS OF PLAINTIFF TO DEFENDANT'S COUNTERCLAIM

It will be noted at the outset that defendant's counterclaim was not filed in accord with the provisions of Pa. R. C. P. 1031. That rule mandates that the counterclaim must be filed as a part of the answer. Here, the counterclaim was filed as a separate pleading some eight weeks after the answer was filed. At the very least, plaintiff is entitled to relief to remedy that procedural defect. However, under the provisions of Pa. R. C. P. 1033, leave will be granted to defendant to amend his answer in order to include the counterclaim as a part thereof.

In count 1 of the counterclaim, defendant pleads that plaintiff has received funds from the Federal government under the provisions of the Hill-Burton Act and that some part of those funds should be used to provide a volume of medical services to persons unable to pay for those services. Defendant says, in effect, that the funds received by plaintiff should have been used to pay his bill. Interestingly, defendant in his claim for relief simply prays that judgment be entered against plaintiff. There is no specification of the damages which defendant seeks. It has been said that a claim, to be available as a counterclaim, must be of such a nature that defendant could maintain an independent action and that the amount thereof must be liquidated or capable of liquidation by some recognizable standard: 4 Standard Pa. Pract., Counterclaims, §23. In the absence of a claim for damages, it would appear that what defendant has really alleged is an affirmative defense which, of course, must be pleaded under new matter.

It may be that one reason why defendant could plead no damages was because he had suffered no damages. He has not paid the claim that plaintiff has

asserted against him and, in fact, he has plead in his answer that he never agreed to pay the claim. If he didn't agree to pay the claim, then plaintiff could not recover on that agreement. If plaintiff pursues its claim on a theory of quantum meruit, the defense set forth in defendant's answer would not apply. Nevertheless, it is defendant's burden to allege damage in order to raise the issue it has asserted here as a counterclaim.

In count 2 of the counterclaim, defendant avers that plaintiff breached a duty owed to him in that it failed to explore other sources of financial aid allegedly available to plaintiff to take care of defendant's bill. In count 2, defendant does aver that plaintiff has damaged him "in the amount of medical expenses still owing." But, again, the only request for relief made by defendant is that judgment be entered against plaintiff. Moreover, a careful examination of the allegations of count 2 disclose that that part of the counterclaim is not of such a nature that defendant could maintain an independent action thereon. Were it not for the suit brought by plaintiff against defendant, defendant's "claim" under count 2 would not exist. To state it another way, defendant could not sue plaintiff and recover on the basis of the allegations set forth in paragraphs 6 to 9, inclusive, of the counterclaim. Thus, the counterclaim fails to satisfy the requirement that it must be of such a nature that defendant could maintain an independent action thereon. Therefore, if the allegations set forth in count 2 are relevant at all, they constitute an affirmative defense to be plead under new matter in the answer.

It is quite apparent that there are enough procedural deficiencies in this case to justify an order on that basis without considering the crucial issue which both parties have raised with us which is the standing of

defendants to plead in some manner the provisions of the Hill-Burton Act as a defense against the claim brought against him by plaintiff. While we recognize counsels' desirability of having an early determination of that issue, we also recognize that the nature of this case is such that the prospect of an appeal from the ultimate decision on that issue is very likely. Therefore, we are of the opinion that the case must be presented initially in the proper procedural posture and then our rulings and the ultimate decision will be more easily and readily appealable.

## ORDER OF COURT

And now, July 24, 1974, it is ordered that the demurrer of the additional defendant, Hon. Helene Wohlgemuth, be and the same is hereby sustained and that plaintiff's motion to strike and its demurrer as to defendant's counterclaim be and they are hereby sustained. Defendant is granted leave to file an amended answer within 20 days of notice of this order.