McCoy, Appellant, *v.* Commonwealth.

Argued May 22, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Timothy Barnard,* with him *Edwin F. McCoy,* for appellant.

*David L. Kurtz,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, and *Israel Packel,* Attorney General, for Commonwealth, appellee.

*David C. Eaton,* with him *W. E. Shissler,* and *Nauman, Smith, Shissler & Hall,* for Wohlgemuth, Green, Speller, McGuire and Clarke, appellees.

*Robert Lazorchick,* with him *Scott & Lazorchick,* for William Z. Scott, individually, appellee.

OPINION PER CURIAM, October 16, 1974:
Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

In addition to continuing to adhere to the view, fully expressed elsewhere,[1] that the doctrine of sovereign immunity ought, in its entirety, to be consigned to the judicial scrapheap, I believe that there are compelling reasons for its non-application in this case. Therefore, I dissent.

———

[1] See *Swelgard v. Pennsylvania Dep't of Transp.,* 454 Pa. 32, 35-38, 309 A.2d 374, 376-77 (1973) (dissenting opinion of ROBERTS, J., joined by NIX & MANDERINO, JJ.); *Brown v. Commonwealth,* 453 Pa. 566, 577-79, 305 A.2d 868, 871-72 (1973) (dissenting opinion of ROBERTS, J., joined by NIX & MANDERINO, JJ.); *Biello v. Pennsylvania Liquor Control Bd.,* 454 Pa. 179, 187-92, 301 A.2d 849, 853-56 (1973) (dissenting opinion of NIX, J., joined by ROBERTS, J.).

Plaintiff filed his complaint in the Commonwealth Court in his capacity as executor of the estate of his father. He alleged, inter alia, that the Pennsylvania Liquor Control Board, its members and agents wrongfully permitted liquor to be sold to the decedent after they had been advised that he was an alcoholic and requested to prevent sales to him.[2] A three-judge panel of the Commonwealth Court sustained defendants' preliminary objections and dismissed the complaint on grounds of sovereign immunity and high public official immunity.

Shielding the Commonwealth and the Liquor Control Board from liability in this case is particularly appalling for two reasons.

First, in my view, the Legislature has consented to suit in section 4-493(1) of the Liquor Code.[3] "It shall be unlawful—(1) For . . . the board, or any employe, servant or agent . . . of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to habitual drunkards, or persons of known intemperate habits." This Court has held that a violation of this section is negligence per se for which the violator will be liable in damages to a person protected by the statute. *Smith v. Clark*, 411 Pa. 142, 190 A.2d 441 (1963). I conclude that the declaration by the Legislature that the Board may be guilty of permitting the sale of liquor to "habitual drunkards" is a mani-

---

[2] Plaintiff also sued the Departments of Welfare and Health, the Norristown and Philadelphia State Hospitals, and officials of all of them. He alleged that they wrongfully refused to admit and treat decedent for his alcoholism. The preliminary objections of these defendants were also sustained below on grounds of sovereign and high public official immunity.

[3] Act of April 12, 1951, P.L. 90, art. IV, § 493(1), as amended 47 P.S. § 4-493(1) (1969).

festation of its consent to be sued for violations. "What possible reason could the Legislature have had in specifically (in Section 493(1)) making it unlawful for the Board to sell liquor to minors, if it wasn't indicating its legislative intent that this was such an important matter of public policy that it (The Board) could be held liable for such an unlawful act? How can it be said that this provision is intended to be solely related to criminal law? How does the Commonwealth fine or put itself (its board) in jail for a violation? If the sovereign can do no wrong, how can it violate Section 493(1) of the Code, even criminally? Why mention the Board at all, if more than a crime wasn't intended? By the manner in which this prohibition is set forth in the Code, I can find authorization to sue the Board if as a result of doing such an unlawful act [a statutorily protected person is injured]." *Biello v. Pennsylvania Liquor Control Board,* 1 Pa. Commonwealth Ct. 179, 190 (1971) (dissenting opinion of Judge KRAMER).

Second, in the sale of liquor perhaps more than in any other activity, the Commonwealth is in business. It operates a vast wholesale and retail operation that in most states is performed by private enterprise. It seems particularly outrageous to me that people lose their right to be compensated for injuries done them because the Commonwealth has appropriated to itself a segment of the economy. Surely if the Commonwealth wishes to enjoy the profits of enterprise it must suffer the liabilities as well. See *Thomas v. Baird,* 433 Pa. 482, 486-87, 252 A.2d 653, 655-56 (1969) (dissenting opinion of ROBERTS, J.).

I would vacate the orders of the Commonwealth Court sustaining preliminary objections and remand for an adjudication of the merits.

Mr. Justice NIX and Mr. Justice MANDERINO join in this dissenting opinion.