Joseph M. Tarantino, Administrator of the Estate of Janice A. Tarantino, Deceased, Plaintiff, *v.* Allentown State Hospital and Commonwealth of Pennsylvania, Department of Public Welfare, Defendants.

134

Argued December 5, 1974, before Judges KRAMER, WILKINSON, JR. and ROGERS, sittting as a panel of three.

*Rodney D. Henry*, for plaintiff.

*Allen C. Warshaw*, Deputy Attorney General, with him *Lawrence Silver*, Deputy Attorney General, and *Israel Packel*, Attorney General, for defendants.

OPINION BY JUDGE ROGERS, December 19, 1974:

Plaintiff Joseph M. Tarantino, administrator of the estate of Janice A. Tarantino, deceased, has filed wrongful death and survival actions against the Commonwealth of Pennsylvania, the Department of Public Welfare and the Allentown State Hospital charging the defendants with negligent and improper treatment of his decedent at Allentown State Hospital. At issue are the defendants' preliminary objections grounded on sovereign immunity.

The complaint must be dismissed. We may not entertain suits against the Commonwealth and its agencies without the consent of the Commonwealth. Pa. Const. Art. I, §11 (1968) ; *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A. 2d 849 (1973). The Department of Public Welfare and the Allentown State

Hospital, as defendants, are clearly within the scope of constitutional interdiction. *McCoy v. Commonwealth*, 9 Pa. Commonwealth Ct. 107, 305 A. 2d 746 (1973), *aff'd per curiam*, 457 Pa. 513, 326 A. 2d 396 (1974). As we have repeatedly written,[1] most recently in *Hart v. Spectrum Arena, Inc.*, 15 Pa. Commonwealth Ct. 584, 329 A. 2d 311 (1974), this court is without power to set aside the Constitution and superior appellate authority.

The defendants' preliminary objections are sustained and the complaint dismissed.

---

[1] *Williams v. Commonwealth*, 12 Pa. Commonwealth Ct. 384, 316 A. 2d 685 (1974) ; *Duquesne Light Company v. Department of Transportation*, 6 Pa. Commonwealth Ct. 364, 295 A. 2d 351 (1972).