Esther Poklemba, individually and as the Administratrix of the Estate of Stephen F. Poklemba, Esquire, Plaintiff, *v.* Shamokin State General Hospital, Robert Greco, Anne L. Cawthern, Mrs. Neal Little, Helen Wahosky and Quilla Mowery, Defendants.

Argued September 11, 1975, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Richard F. Stevens*, with him *Butz, Hudders & Tallman*, for plaintiff.

*Allen C. Warshaw*, Deputy Attorney General, with him *Lawrence Silver*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for defendant, Shamokin State General Hospital.

*Christian S. Erb, Jr.*, with him *Metzger, Wickersham, Knauss & Erb*, for defendant individuals.

OPINION BY JUDGE WILKINSON, October 2, 1975:

Plaintiff, Esther Poklemba, individually, and as Administratrix of the estate of Stephen F. Poklemba, Esquire, has filed wrongful death and survival actions against Shamokin State General Hospital and others. Before this Court are preliminary objections of the defendant Hospital based upon sovereign immunity. We sustain the objections and dismiss the complaint against defendant.

Suits may not be brought against the Commonwealth and its agencies without express legislative consent. Pa. Const. art. I, §11; *Biello v. Pennsyvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973). It is undisputed that Shamokin State General Hospital is a creation of the State. *See* Act of June 13, 1907, P. L. 699, No. 601, *as amended,* 35 P.S. §§221-25. Plaintiff contends, however, under the recent case of *Specter v. Commonwealth,* Pa.    , 341 A.2d 481 (1975), that the Hospital is not an agency of the Commonwealth and thus not able to claim sovereign immunity.[1]

In *Specter,* the Pennsylvania Turnpike Commission was found not part of the Commonwealth primarily because the State is explicitly not responsible for any financial obligations of the Commission. Consequently, the Commission could not share in the immunity of the Commonwealth from suit in tort. *Specter,* however, is inapposite to the instant controversy. Defendant Hospital is, by definition, a State institution within the Pennsylvania Department of Public Welfare and is supported and funded by appropriations to that Department. Act of April 9, 1929, P. L. 177, No. 175, art. II, §202, *as amended,*

---

1. Plaintiff views *Specter* as creating an "exception" to the doctrine of sovereign immunity. Such a reading is unwarranted. *Specter* is merely a restatment of the proposition that the Commonwealth may not be sued without its consent. The "exception" argued by plaintiff is nothing more than an analysis of whether the entity being sued is the "Commonwealth".

71 P. S. §62; Act of June 13, 1967, P. L. 31, No. 21, art. III, §§301, 304, 62 P. S. §§301, 304. Accordingly, we hold defendant Hospital part of the Commonwealth.

Nevertheless, plaintiff maintains that defendant Hospital still cannot assert sovereign immunity since it is engaged in a "proprietary" rather than a "governmental" activity. Although we do not subscribe to the application of the governmental-proprietary distinction to sovereign immunity cases,[2] we conclude contrary to plaintiff.

State-maintained hospitals are measures within the police power of the Commonwealth to protect the public health. Consequently, they are considered purely "governmental" activities. *Cf.* 18 E. McQuillan, Law of Municipal Corporations §53.86 (3d rev. ed. F. Ellard 1963); W. L. Prosser, Law of Torts §131 at 980 (4th ed. 1971). In *McCoy v. Commonwealth,* 9 Pa. Commonwealth Ct. 107,

---

2. According to plaintiff, the determinative test whether sovereign immunity applies to a given State activity is the classification of such activity as either "governmental" or "proprietary." To support this proposition, plaintiff relies upon language in *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973), which applies the governmental-proprietary dichotomy to the sovereign immunity area.

We do not agree. Absent express legislative authorization, *all* suits against the Commonwealth and its agencies are barred by Article I, Section 11 of the Pennsylvania Constitution without regard to the type of function which gives rise to the action. Since the Supreme Court in *Biello* did not find the Liquor Control Board engaged in a "proprietary" activity but did conclude the Board protected by sovereign immunity, the governmental-proprietary distinction was unnecessary to the Court's holding. We thus view the language in *Biello* relied upon by plaintiff as dicta.

Moreover, the cases cited in *Biello* for the proposition that the governmental-proprietary distinction was implicit in the Court's prior applications of the sovereign immunity rule do not support such implication. "In those cases, the word 'governmental' was employed as one of the indicators that the agency being sued was the Commonwealth; it was not used in contra-distinction to the idea of 'proprietary'." *Brown v. Commonwealth,* 453 Pa. 566, 574 n.1, 305 A.2d 868, 873 n.1 (1973) (POMEROY, J., concurring).

305 A.2d 746 (1973), *aff'd per curiam*, 457 Pa. 513, 326 A.2d 396 (1974), and *Tarantino v. Alletown State Hospital*, 16 Pa. Commonwealth Ct. 133, 329 A.2d 291 (1974), this Court, on the basis of sovereign immunity, sustained preliminary objections to complaints in trespass against state hospitals for the mentally ill. Those decisions control the instant controversy. We are unable to distinguish, as plaintiff suggests, between state mental institutions, such as those involved in *McCoy* and *Tarantino,* and state general hospitals. Public health is protected by the care and treatment of the physically ill as by the care and treatment of the mentally ill. The fact that services rendered by state general hospitals coincide with those offered by private institutions does not deprive such state hospitals of their "governmental" character. Thus defendant Hospital may properly claim sovereign immunity.

Accordingly, we enter the following

ORDER

Now, October 2, 1975, the preliminary objections of defendant Shamokin State General Hospital are hereby sustained and the complaint against defendant Shamokin State General Hospital is dismissed.