346 A.2d 914

**Christine Ann ZERBY, Appellant,**

**v.**

**DEPARTMENT OF TRANSPORTATION, Commonwealth of Pennsylvania, and Department of Justice, Commonwealth of Pennsylvania, Appellees.**

Supreme Court of Pennsylvania.

Argued June 24, 1975.

Decided Oct. 3, 1975.

Rehearing Denied Nov. 25, 1975.

422

Seymour Kanter, Jerome S. Sloan, Kanter, Bernstein & Miller, Philadelphia, for appellant.

Stuart J. Moskovitz, Dept. of Transp., Harrisburg, Edward R. Casey, Asst. Atty. Gen., Robert W. Cunliffe, Deputy Atty. Gen., Israel Packel, Atty. Gen., for appellee, Dept. of Transportation, Commonwealth of Pennsylvania.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

Order of Commonwealth Court affirmed. See *Brown v. Commonwealth*, 453 Pa. 566, 305 A.2d 868 (1973) ; see

also *Biello v. Pa. Liquor Control Bd.*, 454 Pa. 179, 301 A. 2d 849 (1973).

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., filed a dissenting opinion.

NIX, J., dissents.

ROBERTS, Justice (dissenting).

On November 9, 1971, appellant was driving her automobile on a highway maintained by the Department of Transportation when her vehicle skidded on a patch of ice and collided with another automobile. Appellant suffered serious bodily injuries in this accident.

Asserting that the accident resulted from the negligent failure of the Department of Transportation to maintain the highway properly, appellant brought an action in trespass in the Commonwealth Court against appellees Department of Transportation and Department of Justice. Appellees filed preliminary objections in which they asserted that recovery was barred by the doctrine of sovereign immunity. The court sustained the preliminary objections and dismissed the action. This appeal ensued.

The majority, by affirming the dismissal of appellant's action, permits the pernicious doctrine of sovereign immunity to deprive yet another litigant of an opportunity to recover damages if she can prove that she was injured by the negligent or otherwise wrongful acts of the Commonwealth. I remain of the view that the doctrine of sovereign immunity serves no societal interest, and that this court may and should consign the doctrine in its entirety to the judicial scrapheap. See e. g., *Williams v. Pennsylvania Department of Labor & Industry*, 460 Pa. 581, 333 A.2d 924 (1975) (dissenting opinion of Roberts, J., joined by Nix, J.); *McCoy v. Commonwealth*, 457 Pa. 513, 514–16, 326 A.2d 396, 397–98 (1974) (dissenting opinion of Roberts, J., joined by Nix

& Manderino, JJ.); *Sweigard v. Pennsylvania Department of Transportation*, 454 Pa. 32, 35–38, 309 A.2d 374, 376–77 (1973) (dissenting opinion of Roberts, J., joined by Nix & Manderino, JJ.); *Brown v. Commonwealth*, 453 Pa. 566, 577–79, 305 A.2d 868, 871–72 (1973) (dissenting opinion of Roberts, J., joined by Nix & Manderino, JJ.); *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 187–92, 301 A.2d 849, 853–56 (1973) (dissenting opinion of Nix, J., joined by Roberts, J.); see generally, *Specter v. Commonwealth*, 462 Pa. 474, 494–495, 341 A.2d 481, 491 (1975) (dissenting opinion of Roberts, J., joined by Nix, J.); *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973).

As was noted in the dissents in *Sweigard v. Pennsylvania Department of Transportation*, supra, and *Biello v. Pennsylvania Liquor Control Board*, supra, several other states have judicially abrogated the doctrine of sovereign immunity. Since our decision in *Sweigard*, still another state has done away with sovereign immunity. The Kansas Supreme Court in *Brown v. Wichita State University*, Kan., 540 P.2d 66 (1975), held that a statute granting immunity in tort to the state and its agencies was repugnant to a provision in the Kansas constitution granting every person a remedy in court.* In reaching this decision, Mr. Chief Justice Fatzer stated that the immunity "is a historical anachronism which manifests an inefficient public policy and works injustice upon everyone concerned."

I, too, believe that the doctrine of sovereign immunity is an anachronism which has no place in 20th century jurisprudence. I dissent.

MANDERINO, Justice (dissenting).

I dissent from the majority's order affirming dismissal of this complaint against the Commonwealth of Penn-

---

* See Pa.Const. art. 1, § 11.

sylvania for the reasons stated in my dissenting opinion in *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973).