**Turner v. Mansfield State College**

*Joseph F. Torsella,* for plaintiff.
*Nancy L. Schnuer,* for defendant.

MYERS, *P.J.,* June 27, 1977 — Plaintiff filed a complaint in trespass in which he alleged that he was injured as a result of the negligence of Mansfield State College. Defendant Mansfield State College (hereinafter called "defendant") then timely filed preliminary objections, wherein defendant asserts: (1) that the doctrine of sovereign immunity bars the instant action; and (2) that this court, in any event, has no jurisdiction over this matter.

ONE

The proper procedure by which to raise the defense of immunity from suit is by new matter under Pa.R.C.P. 1030. Frequently, however, the defense has nonetheless been raised and treated as preliminary objections, e.g., Forney v. Harrisburg State Hospital, 18 Pa. Commonwealth Ct. 17, 336 A. 2d 709 (1975). Hence, in the interest of judicial economy, and in the absence of any objection by plaintiff, we will assume that the defense is now properly before us.

In our view, defendant's position clearly has merit. Suits may not be brought against the Commonwealth or its agencies without express legislative consent: Pennsylvania Constitution, Art. I, §11. As a State-owned and operated college, defen-

dant is an agency of the Commonwealth, and is thus cloaked with judicial immunity.

Plaintiff argues that defendant is not a Commonwealth agency. However, defendant is a creature of the state; it is subject to the State Board of Education's Master Plan; its president and board of trustees are appointed by the Governor; the powers of its president are subject to the authority of the Board of State College and University Directors, and so on. See Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §20-2002 et seq.

In short, the goals, policies, and fiscal affairs of defendant are carefully controlled by the Commonwealth. Accordingly, we have no difficulty in concluding that defendant is an agency of the Commonwealth. See Brungard v. Hartman, 12 Pa. Commonwealth Ct. 477, 315 A. 2d 913 (1974); Butler v. Cheyney State College, 61 D. & C. 2d 60 (1973).

We also reject plaintiff's argument that the doctrine of sovereign immunity applies only to the governmental and not proprietary functions. In Poklemba v. Shamokin State General Hospital, 21 Pa. Commonwealth Ct. 301, 344 A. 2d 732, 735 (1975), the Commonwealth Court states: "[W]e do not subscribe to the application of the governmental-proprietary distinction to sovereign immunity cases. . . ."

Plaintiff relies upon language in Biello v. Pa. Liquor Control Bd., 454 Pa. 179, 301 A. 2d 849 (1973), where the Supreme Court discusses the governmental-proprietary dichotomy. However, we regard the language in Biello as mere dicta. See Poklemba.

In any event, in the absence of express legislative authorization, *all* suits against the Commonwealth

and its agencies are barred by article I, §11 of the Pennsylvania Constitution, without regard to the type of function which gives rise to the action. Hence, we are compelled to conclude that the instant action is barred by the doctrine of sovereign immunity.

## TWO

Defendant's preliminary objections also assert that jurisdiction of the instant action belongs in the Commonwealth Court. We agree.

According to the Act of July 31, 1970, P.L. 673, 17 P.S. §211.401, the Commonwealth Court has original jurisdiction over civil actions against the Commonwealth and its officers. The term "Commonwealth" is defined to include ". . . authorities and other *agencies* of the Commonwealth. . . ." (Emphasis supplied.) Since defendant is unquestionably a Commonwealth agency, original and exclusive jurisdiction over the instant action lies in Commonwealth Court: Poklemba, supra.

Plaintiff argues that we should assume jurisdiction because "the question [sic] involve allegations of negligence against persons who are not officers [of the Commonwealth]." Plaintiff, however, is not suing *any* individuals, whether officers or mere employes. For the purpose of determining jurisdiction, the officer-employe dichotomy is only relevant if an individual is being sued.

Hence, the complaint as to defendant Mansfield State College must be dismissed.

## THREE

Although defendant Mansfield State College filed preliminary objections in the instant action, the Commonwealth of Pennsylvania, which is also a defendant, did not file any responsive pleading.

However, in view of 17 P.S. §211.401, we must

also dismiss, sua sponte, the complaint as to the Commonwealth, since we clearly have no jurisdiction to proceed.

### ORDER

And now, June 27, 1977, defendant's preliminary objections are sustained, and the complaint dismissed. Exception noted.