Frederick J. Leonard and Doris V. Leonard, Plaintiffs *v.* Commonwealth of Pennsylvania, Department of Military Affairs, Borough of Honesdale and John Keegan, Mayor of the Borough of Honesdale, Pennsylvania.

Submitted on briefs, September 13, 1977, to President Judge BOWMAN and Judges MENCER and BLATT, sitting as a panel of three.

*Stephen Jennings,* with him *Richard D. Ballou, William C. Costopoulos,* and *Kollas and Costopoulos,* for plaintiffs.

*Cody H. Brooks,* with him *Lawrence M. Ludwig; Henkelman, McMenamin, Kreder & O'Connell; Bartholomew J. DeLuca, Jr.,* Deputy Attorney General; *J. Justin Blewitt, Jr.,* Deputy Attorney General; and *Robert P. Kane,* Attorney General, for defendants.

PER CURIAM, October 5, 1977:

Plaintiffs Frederick J. and Doris V. Leonard, invoking the original jurisdiction of this Court, filed a complaint in trespass alleging negligent maintenance of building facilities by defendants, Department of Military Affairs (Department), the Borough of Honesdale (Borough), and John Keegan, Mayor of the Borough. The pertinent factual averments are as follows.

The Department, a department within the executive branch of the State government, Section 201 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §61, maintained an armory in the Borough which on February 26, 1974 was, in part, leased to defendant Keegan for a sum of $25.00 for the purposes of conducting a charity ball on March 2, 1974. Plaintiff Doris V. Leonard was present in the armory on March 2, 1974 and at that time suffered injuries in a fall allegedly attributable to the negligence of the named defendants.

The Department has filed preliminary objections claiming sovereign immunity under Article I, Section 11 of the Pennsylvania Constitution. Defendants Keegan and the Borough have filed preliminary objections to this Court's jurisdiction over them under Section 401 of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401.

The Department of Military Affairs, as a State agency funded through the annual General Appropriations Act, *see e.g.,* Act of June 4, 1976, P.L.   , No.

7-A, is entitled to absolute sovereign immunity, *compare, Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481 (1975), and its preliminary objections are sustained. *See Harris v. Rundle*, 27 Pa. Commonwealth Ct. 445, 366 A.2d 970 (1976); *Reinert v. Pennsylvania Department of Transportation*, 26 Pa. Commonwealth Ct. 283, 363 A.2d 1337 (1976); *Poklemba v. Shamokin State General Hospital*, 21 Pa. Commonwealth Ct. 301, 344 A.2d 732 (1975).

The Borough of Honesdale, a municipal corporation, does not fall within that class of entities subject to our original jurisdiction under Section 401 of the ACJA. Defendant Keegan, as Mayor of the Borough is not a State officer as we most recently defined that term in *Opie v. Glascow, Inc.*, 30 Pa. Commonwealth Ct. 555, 375 A.2d 396 (1977). As there is no remaining defendant over whom this Court enjoys jurisdiction, the preliminary objections of the Borough of Honesdale and John Keegan are sustained. *See Freach v. Commonwealth*, Pa. , 370 A.2d 1163 (1977).

### . ORDER

Now, October 5, 1977, it is hereby ordered as follows:

1. The preliminary objections of the Department of Military Affairs are hereby sustained and plaintiffs' complaint as to it is dismissed.

2. The preliminary objections of the Borough of Honesdale and John Keegan, Mayor of the Borough of Honesdale, are sustained and the above proceedings are hereby transferred pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503 (b), to the Court of Common Pleas of Wayne County. The Chief Clerk is directed to transmit to the Prothonotary of said Court a certified photocopy of the

docket entries of the above proceedings and the available record in its entirety together with a copy of this Order.