Irene Steinberg, Plaintiff *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Youth Development Center, Jan Koht and Clifford Rogers, Defendants.

Argued December 5, 1977, before Judges Wilkinson, Jr., Rogers and DiSalle, sitting as a panel of three.

*Neal S. Axe,* with him *Kanter, Bernstein and Miller,* for plaintiff.

*Jered L. Hock* and *David Max Baer,* Deputy Attorney General, with them *J. Justin Blewitt, Jr.,* Deputy Attorney General; *Robert P. Kane,* Attorney General; and *Metzger, Wickersham, Knauss & Erb,* for defendants.

Opinion by Judge Wilkinson, Jr., December 21, 1977:

Plaintiff, invoking our original jurisdiction, has brought this suit in trespass against the Commonwealth, the Department of Public Welfare (Department), the Youth Development Center (Center), and two employees of that Center, Koht and Rogers. The defendants have raised a number of defenses, includ-

ing sovereign immunity as to the Commonwealth, the Department, and the Center. This Court's subject matter jurisdiction over the individual defendants is also in question.

It has consistently been held that the Commonwealth is absolutely immune from suit in tort absent legislative consent. *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973). This immunity from suit includes not only the Commonwealth, but also the various departments. *McCoy v. Liquor Control Board,* 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973). With respect to the Center, it is uncontested that the Center is a wholly-owned and operated agency and instrumentality of the Commonwealth. As such, it is also entitled to absolute immunity from suit.

In regard to the individual defendants, Koht and Rogers, the issue which arises is whether they are "officers" within the meaning of Section 401 of the Appellate Court Jurisdiction Act of 1970 (Act), Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401. In *Opie v. Glascow, Inc.,* 30 Pa. Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977), Judge BLATT stated "that the term 'officers,' for jurisdictional purposes, should encompass only those persons who perform state-wide policymaking functions and who are charged with the responsibility for independent initiation of administrative policy regarding some sovereign function of state government." Examining the job descriptions of the two individual defendants, we find that Koht is the Supervisor of the Diagnostic Unit and Institutional Psychological Services at the Center, while Rogers is a Youth Development Counselor. Both defendants concede that their jobs do not entail state-wide functioning. As such, we are compelled to hold that they are not officers within the meaning of the Act, and that therefore we lack jurisdiction over the suit against them. We cannot accept the suggestion

of the defendants that we overrule our decision in *Opie* and maintain jurisdiction over the individual defendants.

Accordingly, we will enter the following

## ORDER

AND Now, December 21, 1977, it is hereby ordered as follows:

1. The preliminary objections of the Commonwealth, the Department of Public Welfare, and the Youth Development Center are hereby sustained, and as to them the plaintiff's complaint is dismissed.

2. As to the remaining defendants Koht and Rogers, these proceedings are hereby transferred to the Court of Common Pleas of Bucks County for disposition on the merits including the outstanding preliminary objections. Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.503(b).

3. The Chief Clerk shall transmit to the Prothonotary of said Court the record of the above proceedings in its entirety together with a copy of this order.