Theresa Braun Patterson, Administratrix of the Estate of Theresa Ann Patterson, Deceased, Plaintiff *v.* James Wilson, on behalf of the Pennsylvania Department of Transportation, and Robert P. Kane, on behalf of the Commonwealth of Pennsylvania, Defendants.

Submitted on briefs, January 30, 1978, to Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Samuel Merovitz,* for plaintiff.

*Richard S. Herskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, for defendants.

OPINION BY JUDGE MENCER, February 28, 1978:

The plaintiff, Theresa Braun Patterson, administratrix of the estate of Theresa Ann Patterson, filed a complaint in trespass in this Court against the Pennsylvania Department of Transportation (PennDOT) and the Commonwealth of Pennsylvania (Commonwealth).[1] The complaint alleges that an automobile accident which occurred on August 7, 1976 had been caused by the defendants' negligent design, construction, and maintenance of a highway, known as Old 309 or as the Bethlehem Pike, in Montgomery County, Pennsylvania, and that the plaintiff is entitled to dam-

---

[1] The caption of this case includes the names of two individuals; namely, James Wilson, on behalf of the Pennsylvania Department of Transportation, and Robert P. Kane, on behalf of the Commonwealth of Pennsylvania. There is no allegation in the body of the complaint pertaining to these individuals, and accordingly it appears with certainty, upon the facts averred, that the law will not permit recovery by the plaintiff here against the two individuals named only in the caption of this case. *See Allstate Insurance Company v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973), and *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970).

ages for the death of her daughter, Theresa Ann Patterson, which resulted from that accident. Presently before us is defendants' motion for judgment on the pleadings and James Wilson and Robert P. Kane's preliminary objections raising the issue that no cause of action has been pled against them.

Once again, we are requested to abolish the doctrine of sovereign immunity which is derived from Article I, Section 11 of the Pennsylvania Constitution. Our Supreme Court has consistently held that the Commonwealth enjoys absolute sovereign immunity absent legislative consent to suits against it. *Specter v. Commonwealth,* 462 Pa. 474, 341 A.2d 481 (1975); *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973); *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973). The plaintiff also urges us to recognize a distinction between governmental and proprietary functions performed by Commonwealth agencies, but we have held that sovereign immunity is not limited to governmental functions. *Poklemba v. Shamokin State General Hospital,* 21 Pa. Commonwealth Ct. 301, 344 A.2d 732 (1975).

As a Commonwealth agency, PennDOT is protected by the constitutional grant of immunity. *Zerby v. Department of Transportation,* 464 Pa. 421, 346 A.2d 914 (1975); *Sweigard v. Pennsylvania Department of Transportation,* 454 Pa. 32, 309 A.2d 374 (1973); *Tokar v. Commonwealth,* 29 Pa. Commonwealth Ct. 383, 371 A.2d 537 (1977); *Reinert v. Pennsylvania Department of Transportation,* 26 Pa. Commonwealth Ct. 283, 363 A.2d 1337 (1976).

We therefore make the following

## ORDER

AND Now, this 28th day of February, 1978, the motion of the Commonwealth of Pennsylvania and its

agency, the Department of Transportation, for judgment on the pleadings is hereby granted, and the preliminary objections of James Wilson and Robert P. Kane are sustained and the complaint dismissed as to those individual defendants. It is directed that the Chief Clerk of this Court enter judgment in favor of defendants, Pennsylvania Department of Transportation and Commonwealth of Pennsylvania, and against the plaintiff in the above captioned case.