Irene Steinberg, Plaintiff v. Commonwealth of Pennsylvania, Department of Public Welfare et al., Defendants.

Argued March 21, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Neal S. Axe,* with him *Kanter, Bernstein & Slifkin,* for plaintiff.

*Lance H. Lilien,* Deputy Attorney General, with him *David Max Baer,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for defendants, Department of Public Welfare and Youth Development Center.

*Jered L. Hock,* with him *Metzger, Wickersham, Knauss & Erb,* for defendants, Koht and Rogers.

OPINION BY JUDGE BLATT, September 19, 1979:

This action in trespass by Irene Steinberg (plaintiff) against the Department of Public Welfare and the Youth Development Center (Commonwealth) and Jan Koht and Clifford Rogers (individual defendants) was commenced within our original jurisdiction. We initially dismissed the complaint as to the Commonwealth on the basis of sovereign immunity and, concluding that we lacked jurisdiction over the individual defendants, transferred the case against them

to the appropriate court of common pleas. *Steinberg v. Department of Public Welfare,* 33 Pa. Commonwealth Ct. 140, 380 A.2d 1320 (1977). Our Supreme Court reversed our opinion and remanded the case to us for our consideration of the Commonwealth's liability in light of that Court's decision in *Mayle v. Pennsylvania,* 479 Pa. 384, 388 A.2d 709 (1978), wherein the judicially developed concept of sovereign immunity in Pennsylvania was abandoned. The case therefore is once again before us on the preliminary objections of the Commonwealth and the individual defendants.

The plaintiff alleges that she was sexually assaulted on the premises by a "student-prisoner" while she was employed at the Youth Development Center at Cornwells Heights. The attack, she avers, was caused by the wanton, reckless, and negligent conduct of the defendants in:

    a.  Failing to provide necessary and adequate supervision of the prisoner-student;

    b.  Failing to adhere to established procedures and policies for operation of the Center;

    c.  Failing to provide adequate and necessary security and protection for the employees of the Center;

    d.  Wanton and reckless disregard for the safety of the plaintiff.

The liability of the Commonwealth here depends upon the application of *Mayle* and the effect of the legislature's subsequent effort to limit *Mayle* by Section 2 of the Act of September 28, 1978, P.L. 788, (Act 152), 42 Pa. C.S. §5110. For the reasons articulated in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979), we hold that Act 152 controls here and that, to maintain her suit against the Com-

monwealth, the plaintiff's cause of action must fall into one of the eight delineated categories within which the legislature has waived sovereign immunity. Evidently anticipating this ruling, the plaintiff has argued, therefore, that her complaint states a cause of action under the second of the categories set forth in Act 152:

> (2)  Medical-professional liability — Damages caused by Commonwealth health care employees of medical facilities or institutions or by a doctor, dentist, nurse and related healtth care personnel.

42 Pa. C.S. §5110(a)(2).
We must determine therefore whether or not the plaintiff's damages were caused by (1) health care employees of a medical facility or institution or by (2) a doctor, dentist, nurse, or other related personnel.

We do not believe that the plaintiff's action here can be maintained on the theory that the damages were caused by a health care employee of a medical facility. Youth development centers are not designed to supply medical services; on the contrary, their purpose "is to promote and safeguard the social well-being and general welfare of minors of the Commonwealth by providing social services and facilities for the rehabilitation of delinquent minors who require care, guidance, and control." Section 341 of the Public Welfare Code,[1] 62 P.S. §341. The rehabilitation of delinquent minors is not a "medical" process as that term is commonly understood,[2] and an institution whose purpose is the rehabilitation of delinquent minors cannot be considered a medical facility.

---

[1] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §101 et seq.

[2] Medical is generally understood as being "of, relating to, or concerned with physicians or with the practice of medicine. . . ." Webster's Third New International Dictionary 1402 (1966).

Moreover, we do not believe that the plaintiff can proceed on the theory that her damages were caused by a doctor, dentist, nurse, or related health care personnel. She does not allege in her complaint that the negligent individuals actually were doctors, nurses, dentists, or health care personnel or that they were providing medical care, and the extent of her argument in her brief is only that they were responsible for the administration and coordination of counseling and other psychological services for the student-inmates of the institution.[3] Presumably, were she given leave to amend her complaint, she might then attempt to characterize these individuals as health care personnel, but it seems to us that the functions which they performed could not qualify them as health care personnel. Although we shall not here attempt a rigid definition of that term, we are confident that the principle of ejusdem generis[4] would require us to find that counselors, social workers, and administrators at youth detention centers are not "related health care personnel" within the meaning of Act 152.

We are compelled to conclude, therefore, that the plaintiff does not have a cause of action under the exception made in Act 152 as to medical-professional liability and that the case against the Commonwealth must be dismissed. Having so ruled, we must again transfer the case against the individual defendants to the appropriate court of common pleas, for they are not statewide officers over whom we may exercise

[3] They were, in fact, a Psychological Services Associate III and a Youth Development Counselor I.

[4] "Where general words follow specific in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." 2A J. Sutherland, Statutes and Statutory Construction §47.17, at 103 (4th ed. C. Sands 1973) (footnotes omitted). This principle is embodied in the Statutory Construction Act of 1972, 1 Pa. C.S. §1903(b).

jurisdiction. *See Steinberg v. Department of Public Welfare, supra.*

## ORDER

AND Now, this 19th day of September, 1979, the preliminary objections of the Commonwealth and the Youth Development Center in the above-captioned matter are hereby sustained and as to them the plaintiff's complaint is dismissed. As to the individual defendants, Koht and Rogers, this matter is hereby transferred to the Court of Common Pleas of Bucks County for disposition on the merits including the outstanding preliminary objections.

---

CONCURRING AND DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

I concur with the majority in respect to the individual defendants. I dissent from the majority where it sustains preliminary objections of the Department of Public Welfare and the Youth Development Center on the basis of my Concurring and Dissenting Opinion filed in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).

---

CONCURRING AND DISSENTING OPINION BY JUDGE DISALLE:

With regard to those matters concerning the individual defendants, Koht and Rogers, I concur in the majority opinion. With regard to the preliminary objections of the Department of Public Welfare and the Youth Development Center, however, I respectfully dissent for the reasons set forth in my dissenting opinion in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).