422 Pa. 442 (1966)
Commonwealth, Appellant,
v.
Atlantic & Gulf Coast Stevedores, Inc.
Supreme Court of Pennsylvania.
Argued April 28, 1966.
June 24, 1966.
Before BELL, C.J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.
Vincent X. Yakowicz, Deputy Attorney General, with him Walter E. Alessandroni, Attorney General, for Commonwealth, appellant.
Richard J. Raab, with him Francis E. Marshall, for appellee.
OPINION BY MR. JUSTICE COHEN, June 24, 1966:
Atlantic & Gulf Coast Stevedores, Inc. (Atlantic) filed corporation income tax returns for the years 1955 *443 through 1961 with the Commonwealth of Pennsylvania denying any liability for tax on the ground that it was engaged exclusively in interstate and foreign commerce and was, therefore, exempt from taxation by the State. The Commonwealth's tax officials rejected Atlantic's contention and made settlements imposing tax for each year, duly notifying Atlantic. Atlantic ignored the notices and filed no petitions for resettlement.
On April 5, 1965, the settlements having become final, the Commonwealth filed a certificate of its lien for these taxes with the Prothonotary of the Court of Common Pleas of Philadelphia County; and on May 3, 1965, it had issued and served on Atlantic a scire facias sur lien. Atlantic answered by denying its liability for tax in the same way it had originally claimed to be constitutionally exempt.
Almost five months later the Commonwealth filed preliminary objections to Atlantic's answer, raising questions of jurisdiction, venue and sufficiency of the defense, all of which challenged Atlantic's right to raise a defense on the merits in its answer to the sci. fa. and the lower court's power to consider any such defense.
The court below dismissed the objections solely because they were not timely filed, but it indicated that the Commonwealth could obtain a prompt ruling on the issues raised by the preliminary objections simply by filing a motion for judgment on the pleadings. The Commonwealth appealed to this Court under the Act of 1925, P.L. 23, which permits interlocutory appeals on questions of jurisdiction and argues (1) that it may raise a jurisdictional question at any time in proceeding and (2) that the lower court had no jurisdiction to review the merits of Atlantic's defense.
The Commonwealth is both right and wrong. It has confused the jurisdiction of the court below to act on the sci. fa. proceedings  a jurisdiction which it surely has  with the taxpayer's attempt to raise the merits *444 of a tax claim in such proceedings when it has not pursued its statutory remedies under "The Fiscal Code", Act of April 9, 1929, P.L. 343, §§ 1102-1104, as amended, 72 P.S. §§ 1102-1104, as amended, for contesting the tax. We have consistently ruled that this may not be done by a taxpayer. Commonwealth v. Hitzelberger, 419 Pa. 354, 214 A. 2d 223 (1965); Commonwealth v. Lentz, 353 Pa. 98, 44 A. 2d 291 (1945).
Here, the Commonwealth invoked the lower court's jurisdiction by instituting sci. fa. proceedings. Atlantic attempted to defend by contesting the power of the Commonwealth to impose any tax upon it, not by claiming payment. This it could not do, and its defense was subject to dismissal as legally insufficient on preliminary objections by the Commonwealth. Commonwealth v. Lentz, supra. Nonetheless, the lower court chose not to sustain the preliminary objections because of their late filing. We question this action since the lack of substance to Atlantic's position is clear and a motion for judgment on the pleadings would raise the identical question. Under these circumstances there seems little reason for requiring strict adherence to the 20 day time limit of Rule of Civil Procedure 1026. In fact, the lower court should have considered the preliminary objections filed by the Commonwealth to have been a motion for judgment on the pleadings and thereby disposed of the matter.
However, as the matter presently stands, the only question before us is one of jurisdiction. Unlike Hitzelberger, where the taxpayer improperly attempted to confer jurisdiction on the lower court by filing a motion to strike the tax lien, the jurisdiction of the lower court was here properly invoked by the Commonwealth's own actions. Having done so, it cannot deny this jurisdiction now but must proceed by the means suggested to achieve its ends.
*445 The order overruling the Commonwealth's objections to the jurisdiction of the court below is affirmed.
Order affirmed.
CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:
While I concur in the result reached by the majority in this case, they have erred on the question of "jurisdiction."
There are two types of jurisdiction  (1) jurisdiction over the parties and (2) jurisdiction over the subject matter. Vendetti v. Schuster, 418 Pa. 68, 208 A. 2d 864; Drummond v. Drummond, 414 Pa. 548, 200 A. 2d 887; Greensburg School District Appeal, 403 Pa. 243, 169 A. 2d 774; Dozor Agency v. Rosenberg, 403 Pa. 237, 169 A. 2d 771; Hauger v. Hauger, 376 Pa. 216, 101 A. 2d 632. The parties may always waive jurisdiction over the person, but may never waive or consent to jurisdiction over the subject matter where such jurisdiction does not exist. Moreover, the question of jurisdiction may be raised at any time either by the parties or by the Court sua sponte. Cases, supra.
It is clear that the Court of Common Pleas in Philadelphia County had (1) jurisdiction over the parties and (2) jurisdiction to entertain the sci. fa. proceedings and issue therein a writ of execution against the defendant in this case.
The question of defendant's liability for the tax was previously determined by the Department of Revenue and the taxpayer having failed to avail itself of any of its remedies, the determination of its tax liability became final and that issue cannot now be redetermined. Commonwealth v. Hitzelberger, 419 Pa. 354, 214 A. 2d 223. The lower Court clearly had jurisdiction of the sci. fa. proceeding, but it did not have the right or the power to relitigate the tax liability question. *446 For this reason I concur in the result reached by the majority.
Mr. Justice EAGEN joins in this Concurring Opinion.
CONCURRING OPINION BY MR. JUSTICE ROBERTS:
While I have no disagreement with the majority respecting the substantive aspects of the instant case, I find no present need to discuss those matters. In my view, the appropriate disposition of this case requires that we quash the appeal on the ground that the order appealed from is interlocutory and not within the Act of March 5, 1925, P.L. 23, 12 P.S. § 672.
As the majority correctly points out, the issue sought to be raised by the Commonwealth in its preliminary objections was the right of Atlantic to contest the validity of the tax in the present proceeding. Thus, although couched in jurisdictional terms, the Commonwealth's preliminary objections do not in fact raise a jurisdictional issue within the meaning of the Act of 1925. See Shaw Electric Co. v. International Brotherhood of Electrical Workers Local Union No. 98, 422 Pa. 211, 220 A. 2d 889 (1966); McFarland v. Weiland Packing Co., 416 Pa. 277, 206 A. 2d 18 (1965). Therefore, the order of the court below being interlocutory, appeal to this Court by the Commonwealth was premature and should be quashed.
Accordingly, I would quash the appeal and remand the case to the court below at which time the Commonwealth may properly raise the issue of the taxpayer's right to contest the tax by moving for judgment on the pleadings.