## Commonwealth v. Mickle

*Frances H. DelDuca*, for petitioner.
*Mark D. Frankel, Assistant Attorney General*, contra.

SHUGHART, *P. J.*, January 26, 1976—On May 19, 1975, respondent filed a lien in favor of the Commonwealth of Pennsylvania against the real estate of John W. Mickle, III, petitioner, in the amount of $10,547.50 for taxes, additions and interest allegedly owed. The lien indicates that petitioner owes the taxes in regard to the liability of Sunrise Sanitation, Inc. for State income taxes withheld from employes.

In a petition to open and/or strike the judgment, petitioner has alleged that he was an officer of Sunrise Sanitation, Inc., an enterprise presently in the hands of a trustee for the purposes of bankruptcy proceedings, but that any tax deficiency is a debt of the corporation rather than petitioner. Petitioner further avers that he never received notice of an assessment against himself individually.

The Commonwealth has filed preliminary objections to the petition on the grounds that this court has no jurisdiction to entertain such a petition. The Commonwealth relies upon Commonwealth v. Atlantic & Gulf Coast Stevedores, Inc., 422 Pa. 442, 221 A. 2d 128 (1966), and Commonwealth v. Hitzelberger, 419 Pa. 354, 214 A. 2d 223 (1965), which cases establish that the propriety of a tax assess-

ment may not be questioned in a Court of Common Pleas, and that relief from an improper imposition of tax may be obtained only by pursuance of statutory administrative remedies and subsequent appeal to the Commonwealth Court. The instant petition, however, is not an attack on the propriety of a tax assessment; it is an attack on the propriety of the entry of the lien. A Court of Common Pleas has full equity powers to inquire into the integrity of judgments entered in its dockets: Great American Credit Corp. v. Thomas Mini-Markets, Inc., 230 Pa. Superior Ct. 210, 326 A. 2d 517 (1974); Colony Bulldozers, Inc. v. Mohr, 82 Montg. 111 (1963). See, generally, Root Refining Co. v. Universal Oil Products Co., 169 F. 2d 514 (1948). A court must have this power to prevent possible abuses of its authority. If petitioner could prevail in showing that the judgment in question is not based on an assessment *against him*, it would be wholly inequitable to allow the judgment to remain. Such an inquiry into whether the alleged assessment exists is, in no way, a review of that assessment.

Counsel for the Commonwealth contends that service of the application to open or strike the judgment was made improperly on counsel for the Personal Income Tax Bureau instead of upon the Attorney General of the Commonwealth. Suffice it to say, this matter is in court by the filing of the tax lien; therefore, service of the petition was proper under Pa.R.C.P. 1027.

## ORDER

And now, January 26, 1976, the preliminary objections to the petition to open and/or strike the judgment are hereby overruled and dismissed and respondent is given 20 days to file an answer to the petition.