Willie Harris, Appellant *v.* Alfred T. Rundle, et al., Appellees.

Argued April 9, 1976, before Judges KRAMER, WIL-KINSON, JR., and BLATT, sitting as a panel of three.

*Norman Ashton Klinger,* for appellant.

*Lawrence Barth,* Assistant Attorney General, with him *Michael Von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellees.

OPINION BY JUDGE KRAMER, December 9, 1976:

This is an appeal by Willie Harris from an order of the Court of Common Pleas of Montgomery County, dated July 2, 1975, which sustained the preliminary objections of the defendants-appellees and dismissed Harris' trespass complaint. The preliminary objections were in the nature of a demurrer and may be generally characterized as raising the defense of immunity as to all defendants.

The tragic facts which underlie this suit may be briefly summarized. On March 10, 1967, Harris was

an inmate at the State Correctional Institution at Graterford. On that date, Harris, along with other inmates, was assigned to forestry duties on behalf of the Commonwealth. During the course of his work, Harris was pinned beneath two fallen trees and sustained a leg fracture and spinal injuries. Harris alleges that the appellees are liable to him because of his assignment to duties for which he was totally untrained, for negligence in reacting to his emergency situation, and for negligent treatment after he was removed from the scene of the injury. Harris remains paralyzed from the waist down.

Before turning to a consideration of the issues raised by Harris, an unusual problem posed by the procedural posture of this case must be resolved. The defendants-appellees consist of: (1) the Commonwealth; (2) the Bureau of Corrections of the Commonwealth; (3) the Commissioner of the Bureau; (4) the Superintendent of the State Correctional Institution at Philadelphia; (5 the Warden of the Graterford institution; (6) the Director of Treatment Services at the Philadelphia institution; (7) the Chief Medical Officers at the Philadelphia and Graterford institutions; (8) a physician at the Graterford institution; and (9) five guards at the Graterford institution.

Under Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970 (ACJA), Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.401(a)(1), the Commonwealth Court is granted *original jurisdiction* over civil actions or proceedings against the *Commonwealth* and any *officer* thereof, acting in his official capacity. Section 401(b) makes this jurisdiction *exclusive. Schroeck v. Pennsylvania State Police, et al.*, 26 Pa. Commonwealth Ct. 41, 362 A.2d 486 (1976). This Court does not enjoy original jurisdiction, exclusive or otherwise, over *employees* of the Commonwealth. *Schroeck, supra.* Moreover, *appellate* jurisdiction over suits against *employees* of the Commonwealth is

vested in the Superior Court under Section 302 of the ACJA, 17 P.S. §211.302.

It is apparent from the listing of defendants that this suit involves both officers and employees of the Commonwealth. *See Schroeck, supra; Forney v. Harrisburg State Hospital*, 18 Pa. Commonwealth Ct. 17, 336 A.2d 709 (1975). Thus, had proper procedure been followed, the court below would have: (1) determined which of the defendants are officers and which employees of the Commonwealth; (2) transferred the case, insofar as the Commonwealth and its officers are involved, to this Court; and (3) ruled on the preliminary objections of the employees, from which ruling an appeal to the Superior Court could have been taken by Harris.

This Court could, of course, remand this case to the court below for proceedings in conformance with the foregoing, but we are convinced that such a course of action is mandated neither by the law nor by prudence. Nearly 10 years have passed since Harris' tragic accident, and it has been eight years since the suit was commenced. After a careful review of the facts and the law, the discussion of which is to follow, we must conclude that there can be but a single answer to the preliminary objections of all of the defendants-appellees. Thus, for reasons of judicial economy and to spare the parties the burden of protracted litigation, this case should be resolved if it is within the power of this Court to do so. We conclude that it is within our power.

Under Section 503 of the ACJA, 17 P.S. §211.503, the jurisdiction of an *appellate* court over an improperly filed appeal is perfected by the appellees' failure to object to that jurisdiction on or prior to the hearing of the appeal,[1] unless the court otherwise orders.

---

[1] Although it is of no effect in this case, it should be noted that the new rules of appellate procedure have moved forward the time

None of the appellees have so objected, and this Court chooses to exercise its perfected appellate jurisdiction over that portion of the suit asserting a cause of action against the *employees* of the Commonwealth.

The more difficult problem lies in finding a basis to assert jurisdiction over that portion of this appeal involving Harris' claims against the Commonwealth and its officers. We believe that in the particular circumstances of this case, viz., where we do have original jurisdiction over the subject matter; where the appeal as to the other parties (the employees) is properly before us; where the litigation can be resolved as to all parties by a ruling upon preliminary objections; and where a remand would only result in a transfer of this portion of the case back to this Court, we are justified in treating this portion of the appeal as if it was an action filed in our original jurisdiction.[2]

Finally, because we have concluded that both the employees and the officers of the Commonwealth are properly before us and because we shall apply the concept of conditional immunity to all of the individual defendants-appellees, it is not necessary that we determine precisely who are the employees and who are the officers for the purpose of considering the issues raised by Harris relative to the preliminary objections. Harris has raised five such issues.

### I. Should the Defense of Immunity Have Been Raised as New Matter?

Harris contends that Pa. R.C.P. No. 1045(b) precludes the defendants from raising the immunity dedefense through preliminary objections. The relevant portion of Rule No. 1045(b) reads as follows:

---

limit for objections to jurisdiction to the last day set for filing of the record, Pa. R.A.P. 741.

[2] For the sake of simplicity, we will, however, refer to all of the defendants as "appellees."

All affirmative defenses, including but not limited to those enumerated in Rule 1030 . . . shall be pleaded under the heading 'New Matter' . . . .

Pa. R.C.P. No. 1030 parallels this language and specifically mentions "immunity from suit" as an affirmative defense. Harris fails to mention Pa. R.C.P. No. 1017(b)(4), however, which expressly authorizes the use of preliminary objections to raise a demurrer.

We agree with the appellees that the rules cited above, and the cases cited by the parties lead to a conclusion that the defense of immunity from suit may be raised either by new matter *or* preliminary objections. This matter was put to rest in *Greenberg v. Aetna Insurance Company*, 427 Pa. 511, 518, 235 A.2d 576, 579 (1967), where the Supreme Court made the following pertinent remarks:

It would appear that these Rules, especially Rule 1045(b) and Rule 1030, are in some matters overlapping with Rule 1017(b), and therefore in some cases confusing or conflicting. However, plaintiff's contention is devoid of merit for each of two reasons:

First, under the clear language of Rule 1017 (b) where plaintiff's complaint or pleading shows on its face that his claim cannot be sustained, preliminary objections are an appropriate remedy. The second and more important reason is that this Court has repeatedly and wisely sustained preliminary objections where plaintiff's complaint or pleading shows on its face that his claim is devoid of merit. This is wise, because if the law or the rule were otherwise, it would mean long and unnecessary delays in the law—delays which Courts are strenuously trying to eliminate or reduce—and it could not aid plaintiff at the trial or affect the result . . . .

Harris' complaint explicitly alleges an agency relationship as an essential part of his theory of recovery, and if his claim is devoid of merit because of the immunity of the appellees, clearly this issue is joined on the face of the complaint. Harris' first issue is without merit.[3]

## II. Were the Preliminary Objections Timely Filed?

Pa. R.C.P. No. 1026 provides that every responsive pleading shall be filed within 20 days after service of the preceding pleading. Since some 20 *months* elapsed between the service of the complaint and the filing of the preliminary objections, Harris urges us to hold that the preliminary objections should have been dismissed as untimely filed.[4]

Again, Harris has failed to consider the interlocking nature of many of the Rules of Civil Procedure. Pa. R.C.P. No. 1032(1) provides that "the defense of failure to state a claim upon which relief can be granted" may be made "by motion for judgment on the pleadings or at the trial on the merits." A demurrer, such as was filed in the instant case, has been defined by the Supreme Court as "an assertion that the complaint does not set forth a cause of action upon which relief can be granted." *Balsbaugh v. Rowland*, 447 Pa. 423, 426, 290 A.2d 85, 87 (1972).

In *Commonwealth v. Atlantic & Gulf Coast Stevedores, Inc.*, 422 Pa. 442, 221 A.2d 128 (1966), the trial

---

[3] *See also Safeguard Mutual Insurance Company v. Commonwealth*, 4 Pa. Commonwealth Ct. 477 (1972), *aff'd*, 455 Pa. 632, 303 A.2d 822 (1973), where we held without an extensive discussion that immunity may be raised through preliminary objections in the nature of a demurrer.

[4] We note with interest that Harris' answer to the appellees' preliminary objections was a "Motion to Strike Preliminary Objections" which was itself filed long after 20 days from the filing of the preliminary objections.

court had dismissed the Commonwealth's preliminary objections on the basis that they were untimely filed. The Supreme Court made the following comment by way of very strong dictum, with which we agree:

> Nonetheless, the lower court chose not to sustain the preliminary objections because of their late filing. We question this action since the lack of substance to Atlantic's position is clear and a motion for judgment on the pleadings would raise the identical question. Under these circumstances there seems little reason for requiring strict adherence to the 20 day time limit of Rule of Civil Procedure 1026. In fact, the lower court should have considered the preliminary objections filed by the Commonwealth to have been a motion for judgment on the pleadings and thereby disposed of the matter.

422 Pa. at 444, 221 A.2d at 129.

Since the appellees can properly raise the identical defense pursuant to Pa. R.C.P. No. 1032(1), we see no purpose in returning this case to the Court of Common Pleas, insofar as employees of the Commonwealth are involved, where that court will undoubtedly again rule adversely to Harris. Our Supreme Court, where faced with similar situations, has shown a marked reluctance in "sending the parties back to the trial court to set their procedural house in order before coming once again to this Court with the identical controversy." *Brown v. Hahn,* 419 Pa. 42, 50, 213 A.2d 342, 346 (1965); *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 243 A.2d 385 (1968). We share this reticence. As to the Commonwealth and its officers, who are before us in our original jurisdiction, we shall heed the Supreme Court's advice in *Atlantic & Gulf Coast Stevedores, supra,* and treat the preliminary objections as a motion for judgment on the pleadings.

### III. SHOULD APPELLEES BE ESTOPPED FROM RAISING THE DEFENSE OF IMMUNITY BECAUSE OF WAIVER AND LACHES?

Harris suggests that by virtue of the agreement of counsel for the appellees to accept service of the complaint filed in the Court of Common Pleas, the appellees have waived the immunity defenses raised by the preliminary objections. The stipulation to which Harris refers us recites that, in exchange for the withdrawal of a suit filed by Harris in the United States District Court, the appellees agree to accept service of the state court complaint. Setting aside any question regarding whether sovereign immunity can be so waived, the stipulation itself obviously does not convey the intention Harris would have us imply.

His laches argument also is without merit. There is nothing in the record to indicate, nor would common sense suggest, that the appellees have abandoned their defenses, changed their theory of the case, or misled Harris in any way. Considering the fact that appellees could have raised their defense at the time of trial (see part I of this opinion), Harris cannot claim prejudice.

### IV. ARE THE COMMONWEALTH AND ITS AGENCIES IMMUNE FROM SUIT UNDER THE FACTS OF THIS CASE?

Harris next suggests that under *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973), we are obligated to ignore the sovereign immunity defense if we determine that the Commonwealth was engaged in a "proprietary," as opposed to a "governmental," activity when the alleged negligent acts occurred. The potential applicability of the proprietary-governmental distinction to cases involving Article I, Section 11 of the Pennsylvania Constitution of 1968 was specifically dealt with in *Poklemba v. Sha-*

*mokin State General Hospital,* 21 Pa. Commonwealth Ct. 301, 344 A.2d 732 (1975). In *Poklemba* we held that the references to this distinction made by the *Biello* Court were dicta. Since Harris' complaint avers that the Commonwealth defendants are agencies of the Commonwealth, there can be little question about the applicability of sovereign immunity; it does apply.

### V. ARE THE INDIVIDUAL DEFENDANTS-APPELLEES IMMUNE FROM SUIT UNDER THE FACTS OF THIS CASE?

Harris' final argument is that the individual appellees are not immune from suit because their alleged conduct was intentionally malicious, wanton or reckless. This argument necessarily is made because all lesser public officials and public employees in Pennsylvania enjoy conditional immunity, the condition being that they act within the scope of their employment and do no harm in an intentionally malicious, wanton or reckless manner. *Hart v. Spectrum Arena, Inc.,* 15 Pa. Commonwealth Ct. 584, 329 A.2d 311 (1974); *Dubree v. Commonwealth of Pennsylvania,* 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973); and *Lehnig v. Felton,* 235 Pa. Superior Ct. 100, 340 A.2d 564 (1975); *Ammlung v. Platt,* 224 Pa. Superior Ct. 47, 302 A.2d 491 (1973). Harris' complaint avers that all of the individual appellees committed negligent acts while within the scope of their official duties.

We have carefully examined Harris' complaint and hold that it is insufficient to state a cause of action overcoming the bar of conditional immunity.[5] Harris'

---

[5] Although not dispositive under the approach we have taken, we note that defendants-appellees Prasse (Commissioner of Corrections), Brierly (Superintendent of the State Correctional Institution at Philadelphia), and Rundle (Superintendent at the State Correctional Institution at Graterford), appear to clearly fall within

allegations only refer to the conduct of the appellees as "carelessness" and "negligence." Additionally, the particular factual averments are entirely consistent with what one would expect to find in an ordinary negligence case. None of the alleged conduct can be classified as intentionally malicious, wanton or reckless as a matter of law.[6]

## ORDER

AND Now, this 9th day of December, 1976, the Order of the Court of Common Pleas of Montgomery County, dated July 2, 1975, is affirmed insofar as it sustained the Preliminary Objections of the defendant-employees of the Commonwealth and dismissed Willie Harris' Trespass Complaint against them.

It is further ordered that, as this Court deems the Preliminary Objections filed by the Commonwealth and its officers to be a Motion for Judgment on the Pleadings, said Motion for Judgment on the Pleadings is hereby granted.

---

the category of "high public officials." This status confers *absolute* immunity for acts committed within the ambit of their official duties. *Dubree, supra,* and *Lehnig, supra.*

[6] Although gross negligence has not been alleged here, it is to be noted that even conduct amounting to gross negligence has been held insufficient to overcome the bar of conditional immunity. *Heifetz v. Philadelphia State Hospital,* 22 Pa. Commonwealth Ct. 325, 348 A.2d 455 (1975).