## Porter v. Borough of West Chester

*John J. O'Brien,* for plaintiff.

*James E. McErlane, Richard A. Mitchell, Howard F. Riley* and *Charles T. Roessing,* for defendants.

SMITH, *J.,* December 11, 1984—On June 23, 1983, plaintiff, Anderson E. Porter, commenced a trespass action against four defendants for damages resulting from the collapse of his building on East Market Street, West Chester, Pa. Defendants all filed preliminary objections. Defendant, Chester County, objected to the failure to state a cause of action. This preliminary ·objection was granted and the case against the county was dismissed. The motion to strike of the Redevelopment Authority of Chester County was overruled. West Chester Area Municipal Authority's demurrer, which claimed that plaintiff did not establish that the authority owed a duty of care, was also overruled.

After plantiff answered the preliminary objections and filed an amended complaint, this court, in a memorandum order of January 23, 1984, deemed three issues applicable to each of the three remaining defendants outstanding: (1) whether defendants' use of demurrer to raise sovereign immunity is proper; (2) whether sovereign immunity provides a defense in this case; and (3) whether punitive damages may be assessed against defendants. We now address these issues.

## I. Propriety of Sovereign Immunity by Demurrer

Each of defendants raised the issue of sovereign immunity in their preliminary objections. Plaintiff argues that sovereign immunity must be pleaded as new matter. Plaintiff cites the Pennsylvania Rule of

Civil Procedure 1030 which provides that "[all] defenses including . . . immunity from suit . . . shall be pleaded in a responsive pleading under the heading 'new matter.' " Defendants counter by citing Rule 1017(b)(4), which provides that "[p]reliminary objections are available to any party and are limited to . . . a demurrer."

The propriety of raising sovereign immunity and other new matters by preliminary objection rather than as new matter, has been addressed by our courts.

In Greenberg v. Aetna Ins. Co. 427 Pa. 511, 235 A.2d 576, cert. denied, defendants filed a preliminary objection alleging privilege. Plaintiff argued that the Pennsylvania Rules of Civil Procedure (the same rules as the case at bar) require privilege to be pleaded as new matter. The court affirmed the dismissal of the complaint, saying:

"This court has repeatedly and wisely sustained preliminary objections where plaintiff's complaint or pleading shows on its face that his claim is devoid of merit. This is wise, because if the law or the rule were otherwise, it would mean long and unnecessary delays in the law — delays which courts are strenuously trying to eliminate or reduce — and it could not aid plaintiff at the trial or affect the result." At 511, 535 A.2d at 579.

In Harris v. Rundle, 27 Pa. Commw. 445, 366 A.2d 970 (1976), citing Greenberg, the court stated that immunity from suit could be raised by either preliminary objections or New Matter. There, the liability of defendants was based on their status as agents for the Commonwealth. The court reasoned that "if [the plaintiff's] claim is devoid of merit because of the immunity of the appellees, clearly this issue is joined on the face of the complaint." At 451, 366 A.2d at 974.

In Safeguard Mut. Ins. Co. v. Commonwealth, 4 Pa. Commw. 477, aff'd per curiam, 455 Pa. 632, 303 A.2d 822, cert. denied, 414 U. S. 957 (1972), plaintiff argued that sovereign immunity may not be raised by demurrer. The court rejected this argument, holding that "it is well established that (sovereign immunity) may be raised by demurrer." Id. at 482.

In Commonwealth ex rel Milk Marketing Board v. Sunnybrook Dairies, 32 Pa. Commw. 313, 379 A.2d 330 (1977), the court stated "We have . . . acknowledged preliminary objections to be a proper vehicle for raising sovereign immunity when that defense is apparent on the face of the pleadings." At 316, 379 A.2d at 332.

These decisions hold that affirmative defenses may be raised by preliminary objection when the defense is obvious from the pleadings. In the case before us, the amended complaint states that the Borough of West Chester, the Redevelopment Authority of Chester County and the West Chester Area Municipal Authority are governmental units. Furthermore, plaintiff's amended complaint does demonstate that defendants are governmental bodies. Thus, sovereign immunity is apparent on the face of the pleadings.

Also, there is little practical purpose served by forcing defendants to refile the objections under new matter. Refiling under the proper heading "new matter" will not affect the end result. The only effect will be delay and added expense. Rather than require more pleadings restating issues raised under the preliminary objections, we will consider the preliminary objections. Hence, plaintiff's preliminary objections to this preliminary objection is overruled.

## II. Protection by Sovereign Immunity

We now must establish whether sovereign immunity affords a defense to the three defendants. The general rule establishing sovereign immunity states that "except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof, or any other person." 42 Pa.C.S. §8541.

There are exceptions to this rule. To establish an exception, three conditions must be shown: (1) that a party is a local agency; (2) that a common law or statutory basis for recovery exists; and (3) that the local agency acted negligently with respect to one of eight specific functions excepted from sovereign immunity. 42 Pa.C.S. §8542. Of the eight enumerated categories mentioned in 42 Pa.C.S. §8542(b), the sole one applicable to the instant case is the utility service facilities exception. 42 Pa.C.S. §8542(b)(5). Liability may be imposed under this exception if the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and if the local agency had actual or constructive notice of the condition.

In the case before us, the first two defendants, the Borough of West Chester and the Redevelopment Authority, are clearly a local agency under 42 Pa.C.S. §8501. Plaintiff states that the borough and the redevelopment authority were responsible for inspecting the building for structural soundness and insuring that the building would not deteriorate and become unsafe. Therefore, plaintiff claims a duty was owed. Negligent maintenance has been held to provide a common law basis for a cause of action. City of Washington v. Johns, 81 Pa.

Commw. 601, 474 A.2d 1199 (1984). However, plaintiff fails to establish the third requirement: the two defendants do not fit into any of the eight categories of section 8542(b). Thus, the borough and the Redevelopment Authority are protected by sovereign immunity.

Plaintiff's case is stronger against the West Chester Area Municipal Authority. The amended complaint establishes the authority as a local agency, and alleges a common law basis for recovery (failure to maintain public water lines, which resulted in the flooding and eventual collapse of the building). The utility service facilities exception to sovereign immunity specifically addresses dangerous conditions of steam, sewers or water. 42 Pa.C.S. §8542(b)(5). The amended complaint states that plaintiff notified the authority of the flooding and that nothing was done. The collapse of plaintiff's building was a reasonably foreseeable risk of the flooding, and the authority had actual notice of this flooding. Thus, the authority may be liable to plaintiff under the utility facilities exception.

Preliminary objections in the form of a demurrer may be sustained only when the law clearly precludes recovery under the facts pleaded. If the outcome is uncertain, the demurrer must be overruled. Upper Moreland v. Commonwealth, 48 Pa. Commw. 27, 409 A.2d 118 (1979). The Borough of West Chester and the Redevelopment Authority are clearly immune and we therefore sustain their demurrers. Since the immunity of the municipal authority is not as clear, we overrule the municipal authority's demurrer.

### III. Punitive Damages

Plaintiff asks that punitive damages be assessed against each of defendants alleging that they acted

with reckless indifference toward him. The statute pertaining to the liability of local agencies, however, does not provide for the award of punitives. We find no other statute providing punitive damages for such a situation. Furthermore, a court may not award punitive damages merely because a tort was committed. There must be willful, malicious, wanton, reckless or oppressive conduct. Delahanty v. First Pennsylvania Bank, 318 Pa. Super. 90, 464 A.2d 1243 (1983). The complaint only alleges negligence. Without allegations of more, there can be no punitive damages. Thus, as punitive damages cannot be assessed against defendants, we dismiss the claim for them.

### ORDER

And now, this December 11, 1984, we grant the preliminary objections of defendants, Borough of West Chester and the Redevelopment Authority of Chester county, and dismiss plaintiff's complaint against them. We also dismiss plaintiff's claim of punitive damages against the remaining defendant, West Chester Area Municipal Authority.