## DeLeo v. Pennsylvania Gas & Water Company

*Barry A. Yelen,* for plaintiff.

*Edward A. Monsky, Perry J. Shertz* and *John G. Wheeley, Jr.,* for defendant Pennsylvania Gas & Water Company.

*Gary S. Seflin,* for defendant Commonwealth of Pennsylvania.

PODCASY, *J.,* October 21, 1986 — This is one of a number of cases commenced against Pennsylvania Gas & Water Company (P.G. & W.) and the Pennsylvania Department of Environmental Resources in connection with the outbreaks of giardiasis which occurred in 1983-1984.

Plaintiff has filed a complaint in which she seeks to recover from P.G. & W. on the ground of negligence, violation of the Super Fund Act, and breach of implied warranty. The complaint also sets forth in its Count IV a claim against the Pennsylvania Department of Environmental Resources based on negligence in failing to properly exercise its regulatory authority over P.G. & W.

In her complaint, plaintiff avers that she contracted an illness known as giardiasis on or about January 13, 1984, as a result of drinking contaminated water supplied to her by P.G. & W. In her count against the Pennsylvania Department of Environ-

mental Resources, plaintiff avers that the department is responsible for her illness because it allowed the contamination of the P.G. & W. water supply to continue in existence. The Department of Environmental Resources has interposed preliminary objections to plaintiff's complaint.

The initial preliminary objection is in the nature of a demurrer, based on the proposition that the allegations of Count IV of plaintiff's complaint attempt to set forth a cause of action which is, on its face, barred by the doctrine of sovereign immunity. The department's second preliminary objection is in the nature of a demurrer, based on the proposition that the department's regulatory authority is a discretionary governmental power which is beyond the scrutiny of the courts. The department's third and final preliminary objection consists of a motion to strike plaintiff's prayer for punitive damages.

After the filing of the department's preliminary objections to plaintiff's complaint, P.G. & W. interposed its own preliminary objections to the preliminary objections filed by the department. We now have before us the question of the proper disposition of the preliminary objections filed by P.G. & W.

It is our opinion that the Pennsylvania Rules of Civil Procedure do not contemplate or permit the filing of a preliminary objection to a preliminary objection. For that reason alone, we are of the opinion that P.G. & W.'s preliminary objections must be dismissed.

Pa.R.C.P. 1017(a) specifically provides as follows:

"The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

Nowhere in Pa.R.C.P. 1017(a) is it stated that a preliminary objection may be filed to a prior preliminary objection. As a matter of fact, the explanatory note to Pa.R.C.P. 1017 reads as follows:

"A preliminary objection may be filed to a complaint, writ, answer, reply, or counter-reply."

It is our opinion that if the Supreme Court of Pennsylvania had intended to permit preliminary objections to be filed to prior preliminary objections, the court would have so stated in the body of Pa.R.C.P. 1017(a) or in the explanatory note thereto.

Rather than rest our decision upon our interpretation of the intent of Pa.R.C.P. 1017, we shall disregard what we consider to be a defective procedure on the part of P.G. & W., pursuant to the authority granted to us by Pa.R.C.P. 126, and shall deal with the P.G. & W. preliminary objections as if they were an answer to the prior preliminary objections which had been filed by the Department of Environmental Resources in direct challenge to the allegations of plaintiff's complaint. We have considerable reluctance to do this, inasmuch as the preliminary objections interposed by the department were directed, not against P.G. & W. or against any pleading filed by P.G. & W., but against the complaint filed by plaintiff. We fail to see how P.G. & W. has arrived at the conclusion that it has any standing to file a pleading challenging or responding to preliminary objections which are not directed against it or against any pleading which it has filed. Nevertheless, in order to expedite the proceedings, we shall deal with the substance of the matters as set forth in the document which P.G. & W. has filed.

Pa.R.C.P. 1030 provides that "all affirmative defenses including but not limited to the defenses of . . . immunity from suit . . . shall be pleaded in a

responsive pleading under the heading new matter. The language of this rule would appear to clearly require that the defense of sovereign immunity be pleaded by the Department of Environmental Resources in an answer to plaintiff's complaint, under the heading new matter within said answer. P.G. & W. puts forth this argument, and there is obviously substantial merit to the argument. Our courts, however, have seen fit to overlook the language of Pa.R.C.P. 1030 in cases where the defense of immunity is apparent on the face of the pleading under attack. Ziccardi v. School District of Philadelphia, 91 Pa. Commw. 595, 498 A.2d 452 (1985); E-Z Parks Inc. v. Larson, 91 Pa. Commw. 600, 498 A.2d 1364 (1985).

These Commonwealth Court cases have followed the doctrine laid down by the Supreme Court of Pennsylvania in reference to the propriety of raising the defense of sovereign immunity by means of preliminary objections. In Greenberg v. Aetna Insurance Company, 427 Pa. 511, 235 A.2d 576 (1967), the court stated as follows:

"This court has repeatedly and wisely sustained preliminary objections where plaintiff's complaint or pleading shows on its face that his claim is devoid of merit. This is wise, because if the law or the rule were otherwise, it would mean long and unnecessary delays in the law—delays which courts are strenuously trying to eliminate or reduce—and it could not aid plaintiff at the trial or affect the result."

Our Commonwealth Court, in Harris v. Rundle, 27 Pa. Commw. 445, 366 A.2d 970 (1976), applied this line of reasoning in holding that the defense of immunity from suit may be raised either by new matter or preliminary objections, and this ruling was applied in the subsequent Ziccardi and E-Z

Parks cases already cited. Even prior to the Harris case, our Commonwealth Court had applied this line of reasoning in Safeguard Mutual Insurance Company v. Commonwealth of Pennsylvania, 4 Pa. Commw. 477, affirmed 455 Pa. 632, 303 A.2d 822 (1973), cert. den. 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed. 219 (1973), stating as follows:

"Plaintiff's further argument that the defense of sovereign immunity may not be raised by preliminary objections is untenable. It is well established that it may be raised by demurrer."

To the extent that the Department of Environmental Resources' preliminary objections to plaintiff's complaint are in the form of a demurrer to the complaint based on the proposition that the common law of Pennsylvania prohibits suits against a governmental entity based upon a claim of negligent exercise of its regulatory powers, we are of the opinion that this is a type of demurrer which is contemplated by the provisions of Pa.R.C.P. 1017(b), and that there is therefore no merit in the proposition put forth by P.G. & W. that a demurrer of this type cannot be included in preliminary objections interposed by the department. In stating this, we are stating simply that the department has the right to interpose such a demurrer, and we are not at this juncture passing on the question whether or not such a demurrer should be sustained.

Finally, in reference to the P.G. & W. contention that the department's preliminary objections in the nature of a motion to strike are improperly directed against plaintiff's prayer for punitive damages, we are of the opinion that such a contention is without merit. It is settled law in Pennsylvania that a motion to strike is a proper procedural tool to be employed in attacking a prayer for damages which has no valid basis in the law. Hudock v. Donegal Mutual In-

surance Co., 438 Pa. 272, 264 A.2d 668 (1970); Commonwealth of Pennsylvania, Department of Environmental Resources v. The Hartford Accident and Indemnity Company, 40 Pa. Commw. 133, 396 A.2d 885 (1979).

It should be noted that, in Buikus et al. v. Pennsylvania Gas & Water Company et al., a similar giardiasis action pending in the Court of Common Pleas of Bucks County, P.G. & W.'s preliminary objections to the prior preliminary objections of the Commonwealth parties regarding the striking of a request for punitive damages were dismissed. We are fully in accord with this decision.

## ORDER

It is hereby ordered, adjudged and decreed as follows:

(1) The preliminary objections filed by Pennsylvania Gas & Water Company and addressed to the prior preliminary objections filed by the Pennsylvania Department of Environmental Resources are dismissed; and

(2) The Prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.