George W. Garrettson, Jr., Plaintiff v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, The Graphic Hand, Inc. and Delaware County Chamber of Commerce, Defendants.

Argued October 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Donald M. Bowman,* with him *Gold, Bowman & Korman,* for plaintiff.

*J. Leonard Langan,* Assistant Attorney General, with him *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for defendants.

OPINION BY JUDGE MENCER, December 12, 1975:

George W. Garrettson, Jr. (Garrettson) sued the Commonwealth of Pennsylvania (Commonwealth), Pennsylvania Liquor Control Board (Board), The Graphic Hand, Inc., and Delaware County Chamber of Commerce, seeking, *inter alia,* damages for an invasion of Garrettson's right to privacy.[1] This suit was commenced in the Court of Common Pleas of Philadelphia County and was transferred to this Court because exclusive jurisdiction for civil actions against the Commonwealth is vested here by the provisions of Section 401 of Article IV of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, *as amended,* 17 P.S. §211.401.

Preliminary objections in the nature of a demurrer asserting the bar of sovereign immunity were filed by the Commonwealth and the Board. We are again confronted with a challenge to the immunity of the Commonwealth and the Board from suit for tort liability. Adhering to recent pronouncements of our Supreme Court, we must sustain the preliminary objections filed by the Commonwealth and Board and dismiss the suit as to those entities and retransfer this suit to the Court of Common Pleas of Philadelphia County.

Article I, Section 11 of the Constitution of Pennsylvania, P.S., provides in part that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Our Supreme Court has repeatedly construed

---

1. During August 1973, Garrettson rode and displayed his early-model bicycle at a fair held in Haverford, Pennsylvania, and sponsored by the Haverford Historical Society. During November 1973, Garrettson became aware that a photograph of him taken at the fair had surfaced on the cover of a pamphlet labeled "State Store [Liquor] Price List, No. 118" which was published and distributed throughout the Commonwealth by the named defendants. It is pleaded that the "photograph was taken, published and distributed without the knowledge, permission or consent of plaintiff [Garrettson]."

this quoted language as imposing a constitutional bar to suits against the Commonwealth and as reserving to the Legislature the prerogative to determine how and when this bar shall be lifted. *McCoy v. Commonwealth,* 457 Pa. 513, 326 A.2d 396 (1974) ; *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973) ; Sweigard v. *Department of Transportation,* 454 Pa. 32, 309 A.2d 374 (1973) ; *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973) ; *Commonwealth v. Orsatti, Inc.,* 448 Pa. 72, 292 A.2d 313 (1972). This construction was reiterated in *Specter v. Commonwealth of Pennsylvania and Pennsylvania Turnpike Commission,* Pa. , 341 A.2d 481 (1975).

In *Merchants' Warehouse Co. v. Gelder,* 349 Pa. 1, 36 A.2d 444 (1944), it was held that the Board is an agency of this Commonwealth created by it for the purpose of carrying out a state function and for this reason is clothed with immunity from suit. In *Biello v. Pennsylvania Liquor Control Board, supra,* our Supreme Court was unable to distinguish *Gelder* and held that case as controlling and requiring the application of sovereign immunity as provided by Article I, Section 11 of the Pennsylvania Constitution. We hold likewise here relative to the preliminary objections filed by the Board.

Accordingly, we make the following

## ORDER

AND NOW, this 12th day of December, 1975, the preliminary objections in the nature of a demurrer filed by the Commonwealth of Pennsylvania and the Pennsylvania Liquor Control Board are hereby sustained, and the complaint, insofar as it pertains to these defendants, is hereby dismissed, and it is hereby ordered that the above-captioned case be transferred to the Court of Common Pleas of Philadelphia County for further proceedings and disposition as to the plaintiff's pleaded allegations against the defendants, The Graphic Hand, Inc., and Delaware County Chamber of Commerce.