George W. Garrettson, Jr., Plaintiff *v.* Commonwealth of Pennsylvania and Pennsylvania Liquor Control Board et al., Defendants.

Argued March 22, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT, DISALLE, CRAIG and MAC-PHAIL.

*Donald M. Bowman,* with him *Gold, Bowman & Korman,* for plaintiff.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel; and *Edward Biester, Jr.,* Attorney General, for defendants.

OPINION BY JUDGE MACPHAIL, September 20, 1979:

George W. Garrettson, Jr. (Plaintiff) filed a complaint in equity against the Commonwealth of Pennsylvania (Commonwealth), the Pennsylvania Liquor Control Board (Board), The Graphic Hand, Inc., and the Delaware County Chamber of Commerce in the Court of Common Pleas of Philadelphia County. Plaintiff sought an injunction to prevent the Defendants from distributing a State Liquor Store price list with Plaintiff's picture on the cover and compensatory and punitive damages for injury caused Plaintiff by distribution of the list. The Court of Common Pleas of Philadelphia County issued an injunction against Defendants The Graphic Hand, Inc. and the Delaware County Chamber of Commerce. The remainder of the suit was transferred to this Court by order of the Court of Common Pleas of Philadelphia County on March 19, 1974.

By the time of transfer, Plaintiff's request for an injunction was moot because on January 8, 1974, the Chairman of the Pennsylvania Liquor Control Board ordered the front and back covers containing Plain-

tiff's picture removed from all the State Store price lists and sent to Harrisburg for disposal. From the time this case appeared in this Court in 1974, then, Plaintiff's plea for relief has been limited to damages caused by an alleged invasion of privacy.

When this case was before us initially in 1974, Defendants Commonwealth and Board filed preliminary objections to the complaint on the basis of sovereign immunity. This Court, per Judge MENCER, sustained the preliminary objections and dismissed the complaint against Defendants Commonwealth and Board.[1] *Garrettson v. Pennsylvania Liquor Control Board*, 22 Pa. Commonwealth Ct. 331, 348 A.2d 453 (1975). Plaintiff appealed this Court's decision to the Pennsylvania Supreme Court which reversed our prior decision on the basis of *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978) and remanded the case to us "for further proceedings." *Garrettson v. Pennsylvania Liquor Control Board*, 479 Pa. 416, 388 A.2d 724 (1978).

On remand, Plaintiff raises three issues for our consideration: (1) whether the Board is an independent Commonwealth agency, and, therefore, not provided with a sovereign immunity defense, (2) whether, if the Board is provided with a sovereign immunity defense, said defense should apply to the facts of this case[2] and (3) whether sovereign immunity is available as a defense to a Commonwealth agency where that

---

[1] Plaintiff's complaint against Defendants The Graphic Hand, Inc. and the Delaware County Chamber of Commerce was transferred to the Court of Common Pleas of Philadelphia County.

[2] Plaintiff states our issues one and two as a single issue, apparently assuming that the Board is an independent Commonwealth agency and, therefore, not protected by the doctrine of sovereign immunity. We do not agree that the issue is so clear cut. We must first determine, therefore, whether the Board is, in fact, such an independent agency.

agency allegedly is engaged in proprietary activity beyond its authorized governmental function.

It has long been held by the Courts of Pennsylvania that the Liquor Control Board is not an independent agency but is an integral part of the Commonwealth, and until the recent Supreme Court decision in *Mayle, supra,* the Board was afforded the full sovereign immunity protection provided for the Commonwealth in general. In *Merchants' Warehouse Co. v. Gelder,* 349 Pa. 1, 7-8, 36 A.2d 444, 448 (1944), our Supreme Court stated, "The Pennsylvania Liquor Control Board is an agency of this Commonwealth created by it for the purpose of carrying out a state function and for this reason is clothed with immunity from suit." (Footnote omitted.) In *Biello v. Pennsylvania Liquor Control Board,* 454 Pa. 179, 301 A.2d 849 (1973), the Supreme Court reaffirmed its holding in *Gelder.* This Court, too, has reached similar results. *See McCoy v. Liquor Control Board,* 9 Pa. Commonwealth Ct. 107, 305 A.2d 746 (1973), *aff'd per curiam,* 457 Pa. 513, 326 A.2d 396 (1974). The Supreme Court decision in *Mayle, supra,* overruled all of the above cited cases insofar as they extended sovereign immunity protection to the Commonwealth. Those parts of the decisions rendered in *Gelder, Biello,* and *McCoy* which held the Board to be part of the Commonwealth rather than an independent agency, however, were unaffected by the decision in *Mayle, supra,* and are still valid today.

Plaintiff calls our attention to the Supreme Court's decision in *Specter v. Commonwealth,* 462 Pa. 474, 341 A.2d 481 (1975) in which the Court held that the Pennsylvania Turnpike Commission (Commission) was an independent agency not entitled to the Commonwealth's sovereign immunity protection. We refused to extend the holding in *Specter* to the General

State Authority in *The General State Authority of the Commonwealth of Pennsylvania v. Pacific Indemnity Co.*, 24 Pa. Commonwealth Ct. 82, 354 A.2d 56 (1976) and we refuse to extend it to the Board here.

The Court in *Specter* stated that whether a state agency is part of the Commonwealth depends upon the nature of the agency and its relation to other state-wide governmental bodies. In making such a determination, we are to be guided by the legislative acts creating the agency and defining its purposes and powers and by the judicial decisions in which the status of the agency was at issue. *Specter, supra,* 462 Pa. at 479, 341 A.2d at 483. We have already reviewed the judicial decisions relating to the Board's status and have found that they have been entirely consistent in holding the Board to be a part of the Commonwealth. In contrast, the *Specter* Court found that the judicial decisions relating to the Commission had waivered between holding it to be an independent agency and a part of the Commonwealth. *Id.,* 462 Pa. at 483-93, 341 A.2d at 485-90.

The legislative acts relating to the Board's purposes and powers also make clear that the Board is part of and not independent of the Commonwealth. The clear purpose of the Board as set forth in Section 104 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-104(c) (Code) is "to prohibit the manufacture of and transactions in liquor, alcohol and malt or brewed beverages which take place in [the] Commonwealth" except as prescribed by the Board. The Liquor Code itself is an exercise of the police power of the State and is carried into effect by the Board.

The financial relationship between the Commonwealth and the Board, unlike that between the Commonwealth and the Turnpike Commission, is a close one. In *Specter,* the Court found that the Common-

wealth and the Commission were financially independent of each other. The Commonwealth neither built nor maintained the turnpike nor was it responsible for the Commission's debts. Furthermore, the Court found that the turnpike would not become part of the State highway system until all of the Commission's financial obligations had been met. The financial relationship between the Commonwealth and the Liquor Control Board is clearly distinguishable from the one outlined in *Specter*.

All moneys, with the exception of the liquor license fund, collected by the Board are paid into the State Treasury through the Department of Revenue into a special fund known as "The State Stores Fund." Section 802 of the Code, 47 P.S. §8-802. A portion of the money in the State Stores Fund is placed in the Enforcement Officers' Retirement Account with the remaining funds becoming available "for the purposes for which they are appropriated by law." *Id.* Section 3 of the Pennsylvania Liquor Control Act, Act of Dec. 20, 1933-34, Sp. Sess., P.L. 89, *as amended,* 47 P.S. §744-907b (Act) provides that any money in the State Stores Fund not required for purposes set forth in the Act "shall be paid over into the General Fund, and shall be available for the payment of appropriations made from the General Fund." It also must be noted that the expenditures which the Board is authorized to make include those "For the payment of premiums upon policies *insuring the Commonwealth* against workmen's compensation liability. . . ." (Emphasis added.) Section 1 of the Act, 47 P.S. §744-907(g).

A review of the legislative acts and judicial decisions affecting the Board and its relationship with the Commonwealth leads only to the conclusion that the Board is an integral part of the Commonwealth. We also note that Section 5110 of the Judicial Code, Act of July 9, 1976, P.L. 586, *as amended,* added by Section

2 of the Act of September 28, 1978, P.L. 788, 42 Pa. C.S. §5110(a)(7) (Act 152), specifically exempts from the sovereign immunity defense suits for damages caused by the sale of liquor to certain persons at Pennsylvania liquor stores by Board employees. Had the legislature not intended the Board to be immune from suit in instances where the Commonwealth is immune, it would have been unnecessary to provide for such an exemption.

Having decided that the Board is not an independent agency and that it is provided with the sovereign immunity defense by the provisions of Act 152, we must decide whether such a defense is applicable on the facts of this case. We hold, on the basis of our decision in *Brungard v. Hartman,* 46 Pa. Commonwealth wealth Ct. 10, 405 A.2d 1089 (1979), that the defense is applicable here. Plaintiff's complaint fails to allege a cause of action which falls within any of the eight exceptions to the sovereign immunity defense provided by Section 2 of Act 152, 42 Pa. C.S. §5110, and, accordingly, will not lie.

Finally, Plaintiff argues that the Board may not avail itself of the sovereign immunity defense here because the Board's use of advertising space on the cover of its liquor price lists is not a governmental, but rather a proprietary act, and therefore, is outside the scope of the Board's protected activities. We disagree. The Board is specifically authorized and empowered by Section 207 of the Code, 47 P.S. §2-207(h) "to do all such things and perform all such acts as are deemed necessary or advisable for the purpose of carrying into effect the provisions of [the Liquor Code] and the regulations made thereunder." Specifically, the Board is empowered by Section 208 of the Code, 47 P.S. §2-208(e) to make regulations concerning "The issuing and distribution of price lists for the various

classes, varieties or brands of liquor and alcohol kept for sale by the board under this act.''

Our Courts have held in *Biello, supra,* and *Gelder, supra,* that the selling of liquor to minors and the storing of whiskey as a wholesaler are both governmental rather than proprietary acts when they are performed by the Board. Likewise, we hold that choosing the cover design for liquor price lists is included within the governmental powers of the Board. Because Act 152 does not provide an exemption for suit against the Board for damages arising from its choice of covers, the Board is immune from such suit.

For the foregoing reasons, we find Plaintiff's arguments to be without merit. The preliminary objections of the Commonwealth and the Board are sustained and Plaintiff's complaint is dismissed.

## ORDER

AND Now, this 20th day of September, 1979, the preliminary objections of the Defendants, the Commonwealth of Pennsylvania and the Pennsylvania Liquor Control Board are sustained and the complaint of Plaintiff, George W. Garrettson, Jr., is dismissed as to them.

---

DISSENTING OPINION BY JUDGE CRUMLISH, JR.:

For the reasons set forth in my Concurring and Dissenting Opinion filed in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979, I respectfully dissent.

---

DISSENTING OPINION BY JUDGE DiSALLE:

I respectfully dissent for the reasons set forth in my dissenting opinion in *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979).